No. 7390.

SPICER ET AL. *v.* HOCKMAN, ADM'R.

DECEDENTS' ESTATES.—*Action to set aside Final Settlement.*—*Statute of Limitations.*—An action to set aside a final settlement of an estate for fraud or mistake must be brought within three years after the final settlement is made, under the statute authorizing such an action, and it does not fall within any of the provisions of the general statute of limitations.

SAME.—*Interest of Plaintiff.* — *Pleading.*—In such action, the plaintiff must show that he had such an interest in the estate as caused him to be injured by the mistake or fraud complained of.

GUARDIAN AND WARD.—*Marriage of Female Ward.*—Upon the marriage of a female ward, and the consequent maturity of her claim for a set-

Spicer *et al. v.* Hockman, Administrator.

tlement with her guardian, the fiduciary relation of such guardian ceases, and he becomes simply her debtor for the balance of her means in his hands not accounted for.

From the Shelby Circuit Court.

*G. W. Wright, J. F. Wright, T. B. Adams* and *L. T. Michener,* for appellants.

*J. B. McFadden* and *J. W. Tomlinson,* for appellee.

NIBLACK, C. J.—This was an action to set aside the final settlement of an estate. The complaint stated that Thomas A. McFarland was appointed guardian of Charlotte Spicer, one of the plaintiffs; that personal estate came into his hands as such guardian, of the value of $1,000; that in 1861 the said Charlotte intermarried with Reuben Spicer, her co-plaintiff; that in 1864 McFarland died without making settlement of such guardianship; that soon afterward one Montgomery became administrator of McFarland's estate; that afterward Montgomery made a report to the proper court, showing a balance in the hands of McFarland, as such guardian, of $1,000, which report, and all the papers pertaining to such guardianship, had been destroyed by fire; that Montgomery afterward died without accounting to said Charlotte, and without settling the estate; that afterward James T. Hockman was appointed administrator of the estate of McFarland remaining unadministered; that the said Hockman failed and refused to pay the claim due to the said Charlotte from said estate, and colluded and conspired with one William C. Miller, who had become the purchaser of the real estate of which McFarland died seized, to cheat and defraud the said Charlotte and other creditors, by making a false report as to the amount of money expended in paying off the debts and charges against the estate; that the said Hockman had made a pretended final report of the condition of said estate in his hands, and had obtained an order of court declaring the estate finally settled and dis-

charging him from his trust, and that the claim of the said Charlotte was due and pending at the time of such pretended final settlement.

The defendant answered :

1.   In general denial ;

2.   That the cause of action did not accrue within six years before the commencement of the suit.

The plaintiffs demurred to the second paragraph of the answer, but their demurrer was overruled, and they replied in denial.   At the request of the defendant, the court made a special finding of the facts.   The material facts found by the court may, in general terms, be stated as follows :

That the said Thomas A. McFarland was appointed guardian of the person and estate of the plaintiff Charlotte Spicer, who was at the time a minor ; that the said Charlotte in 1861 intermarried with her co-plaintiff, Reuben Spicer, who was still her husband ; that in July, 1864, McFarland died without having finally settled his trust as such guardian ; that afterward, in the same year, John L. Montgomery was appointed administrator of his estate ; that, while Montgomery was acting as such administrator, he filed in the clerk's office of Shelby county an account of the condition of the fund in the hands of the said McFarland, as the guardian of the said Charlotte Spicer, showing a balance due to the said Charlotte, which report was afterward approved, and a record of such approval was made, but the report was not entered of record ; that afterward all the papers pertaining to said guardianship were destroyed by fire ; that on the 1st day of January, 1868, the said Montgomery, as such administrator, and the said Charlotte, made a canvass of the amount due her, the said Charlotte, and found that the estate of McFarland owed her the sum of $300.00, which, with interest, amounted to $485.00 at the time of the trial ; that the said Montgomery died in March, 1871, without having settled said estate, and without having paid any part of

the money due from the estate to the said Charlotte; that afterward, in the last named year, the defendant, James T. Hockman, became the administrator of the estate of McFarland remaining unadministered, but filed no inventory of the assets which came into his hands; that one William C. Miller had in the mean time become the owner of all the real estate of which McFarland died seized, subject to the payment of all the debts and charges against his, the said McFarland's, estate; that, in his final settlement of the estate, Hockman charged himself with the sum of $3,500.00 as received from said Miller; that said sum was made up by Miller by vouchers turned over to Hockman on claims against the estate for the full amounts due, which claims he, said Miller, had purchased of the claimants for fifty cents on the dollar, and in some cases less; that Hockman, in his final settlement, obtained credit for the full amounts purporting to be covered by such vouchers; that in 1876 Hockman, as such administrator, made a final report to the Shelby Circuit Court, and procured an order declaring the estate finally settled and discharging him from his said trust; that the said Charlotte's claim matured on the 2d day of February, 1863, but that she never filed the same against McFarland's estate, and that such claim was neither a judgment nor mortgage lien against the property of McFarland; that the said Hockman, while acting as the administrator of McFarland, had no actual knowledge of the said Charlotte's claim.

From these facts, the court came to the conclusion that the plaintiffs had not shown such an interest in the estate of McFarland as was necessary to entitle them to prosecute this action, and rendered judgment in favor of the defendant.

Errors are assigned upon the overruling of the demurrer to the second paragraph of the answer, and upon the conclusion of law at which the court arrived from the facts as above set forth.

The second paragraph of the answer was evidently inap-

plicable to the case attempted to be made by the complaint.

The complaint, in legal effect, asked to have the final settlement of McFarland's estate set aside for fraud, which, it was charged, had entered into and vitiated such final settlement, without any reference to the time at which the plaintiffs' claim against the estate may have matured.

Such actions are limited to three years after the final settlement is made, by the section of the statute which authorizes them to be prosecuted, and hence do not fall within any of the provisions of the general statute of limitations. 2 R. S. 1876, p. 537, sec. 116 ; *Potter* v. *Smith*, 36 Ind. 231.

The court, therefore, erred in overruling the demurrer to the second paragraph of the answer.

Section 116, *supra*, provides that any person *interested* in an estate may have the final settlement of such estate set aside, for mistake or fraud, at any time within three years. It is not enough, therefore, that there was mistake or fraud in the final settlement, in order to have it set aside.  The plaintiff must also be shown to have had such an interest in the estate as caused him to be injured by the mistake or fraud complained of.  *The Pennsylvania Company* v. *Hensil*, 70 Ind. 569.  As has been seen, the court, in this case, found that the plaintiffs never filed their claim against the estate of McFarland ; that no such record of the claim had been made as was necessary to charge Hockman with constructive notice of its existence, and that Hockman had no actual knowledge of such claim, prior to his final settlement of the estate.

Upon the facts thus found, we think the court did not err in coming to the conclusion, that the plaintiffs had failed to show such an interest in the estate as entitled them to have the final settlement set aside, however mistaken or fraudulent, in the abstract sense, or as against the rights of others, such settlement may have been.

As it was made to appear affirmatively, that the plaintiffs

failed in this action, not because of any question arising upon some statute of limitations, but for want of such an interest in the estate of McFarland as was requisite to maintain it, we are of the opinion that the error of. the court in overruling the demurrer to the second paragraph of the answer was a harmless error, for which the judgment ought not to be reversed.

But the appellants contend that as McFarland was, by reason of his guardianship, the trustee of the said Charlotte, it became the duty of the appellee, Hockman, to account to her for what McFarland owed her without the necessity of filing a formal claim against the estate. We are, unable, however, to see any good reason for the distinction contended for. After the marriage of the said Charlotte, and the maturity of her claim for a settlement which followed her marriage, the fiduciary relation of McFarland ceased, and he became thereafter a debtor simply for the balance remaining in his hands not previously accounted for. Angell on Limitations, sec. 178.

The judgment is affirmed, with costs.