No. 1,207.

## SMITH v. ROSEBOOM ET AL.

PLEADING.—*Complaint.*—*Theory.*—*Must be Good as to all Plaintiffs.*—A complaint must proceed upon a single, definite theory, and to be good must state a cause of action upon that theory in favor of all who join as plaintiffs.

SAME.—*Joint Plaintiffs.*—*Complaint Must Show Interest of Both.*—A complaint by two persons to rescind a contract made by one of the plaintiffs only and which shows no interest therein of the other plaintiff, is bad.

CONTRACT.—*Rescission.*—*Parties.*—*Conveyance and Exchange.*—Where two persons, owning personal property, enter into a contract with a third person to exchange such property for real estate, and agree between themselves that the real estate shall be transferred to one, the latter may sue to rescind the contract without joining the other if he shows that the transfer to him was a conveyance.

From the Clinton Circuit Court.

*T. H. Palmer, W. F. Palmer* and *J. C. Rogers,* for appellant.

*W. R. Moore* and *W. H. Peter,* for appellees.

Ross, J.—The appellees brought this action against the appellant to rescind a contract which had been partially executed.

The first two errors assigned by the appellant on this appeal call in question the correctness of the court's ruling in overruling the demurrer to the first and second paragraphs of the complaint, the first paragraph of which, omitting the caption, reads as follows:

"The above named plaintiffs complain of the above named defendant, and say that heretofore one Nathan 'E. Mills was the agent of plaintiff, Daniel M. Roseboom, to exchange for real estate a certain stock of goods which was situated at the time in the town of Tipton, Indiana; that said Mills exchanged said stock of goods for certain lands in the State of Illinois, and certain real estate in

the city of Indianapolis, Indiana; that at the time of making said exchange, and for the purpose of inducing said Mills to make said exchange and trade, defendant, John A. Smith, caused certain lots in the city of Indianapolis to be shown to said Mills, and represented the same as belonging to said Smith; that after an examination of said lots said Smith and Mills agreed that said lots should be taken by said Roseboom in part payment for said stock of goods at the agreed price of three thousand dollars ($3,000); that said lots shown to Mills were of the value of three thousand dollars ($3,000), and are described as follows, to wit: Lots No. 11, 12, 13, 14, the alley between 13 and 14, and that part of Brett street lying next to and adjoining the alley and lots No. 11, 12, 13 and 14, Burr & Miller's subdivision of lots 7, 8 and 9 in H. T. and Almira D. Brook's addition to the city of Indianapolis; that said goods were transferred to said Smith, and deed made by said defendant to the Illinois land at the time of the transfer of said stock of goods, and that afterwards said Smith, by warranty deed, conveyed to plaintiffs the following described real estate, to wit: Lots No. 71, 72, 73, 74, 75 and 81 in C. S. Glenn's subdivision of lots No. 2, 3, 4, 5 and 6 in H. T. and Almira D. Brook's addition to the city of Indianapolis, Indiana; that said Mills and these plaintiffs being wholly ignorant of the location of said real estate by description, relied upon the statements of said Smith; that the land described in said deed was the lots pointed out to him before said trade was made as above, whereas in truth and in fact the land described in the deed does not describe the land which was pointed out to said Mills, which said Smith well knew; that the land so pointed out, and that which plaintiffs and said Mills contracted for, is north of the land described in the deed to Roseboom about eight hundred feet (800), and is of great value, to

wit:  three thousand dollars ($3,000), while the lots de-
scribed in the deed to Roseboom are of but little value,
worth not more than five hundred dollars ($500).
Plaintiffs Daniel M. Roseboom and Nancy J. Roseboom
say that they have been damaged in the sum of two
thousand five hundred dollars ($2,500), and that he
brings into court the deed made by said Smith and wife,
and tenders the same back to them and offers to recon-
vey the same to defendant.''

Counsel for appellant insist that this paragraph is in-
sufficient for many reasons, which may be summarized as
follows:    First, because there is no allegation that the
stock of goods transferred to appellant belonged to the
appellees or either of them, or that they had any inter-
est therein.    Second, ''there is no allegation that Smith
obtained title to the stock of goods by reason of his trade
with Mills, and there is no allegation that either Rose-
boom, or Mills as his agent, transferred said stock of
goods to Smith.''    Third, that it is not alleged that the
appellant did not convey to appellees the property which
was shown to Mills and which they agreed to accept as
a part of the consideration for the stock of goods; and,
fourth, there is no allegation that Mills was the agent of
Nancy J. Roseboom, or that Smith had any relations or
contract with her.''

We will consider first, the fourth, or last, objection
made to this paragraph, namely:    Does it state a cause
of action in favor of both Daniel M. Roseboom and
Nancy J. Roseboom?

It is well settled that every complaint must proceed
upon some single, definite theory, and must state facts
sufficient to constitute a cause of action in favor of all
who join as plaintiffs upon that theory.    *Berkshire* v.
*Shultz*, 25 Ind. 523;  *De Bolt* v.  *Carter*, 31 Ind. 355;

*Lipperd* v. *Edwards,* 39 Ind. 165; *Maple* v. *Beach,* 43 Ind. 51; *Griffin* v. *Kemp,* 46 Ind. 172; *Neal* v. *State, ex rel.,* 49 Ind. 51; *Parker* v. *Small,* 58 Ind. 349; *Nave* v. *Hadley,* 74 Ind. 155; *Hyatt* v. *Cochran,* 85 Ind. 231; *Holtzman* v. *Hibben,* 100 Ind. 338; *Faulkner* v. *Brigel,* 101 Ind. 329; *Brown, Exr.,* v. *Critchell,* 110 Ind. 31; *Home Ins. Co.* v. *Gilman, Exr.,* 112 Ind. 7; *Peters* v. *Guthrie,* 119 Ind. 44.

If it does not state a cause of action in favor of all the plaintiffs, it is not sufficient as to any. *Holtzman* v. *Hibben, supra; Brumfield* v. *Drook,* 101 Ind. 190.

And it will be held bad for the same reason on motion in arrest of judgment or an assignment in this court that it does not state facts sufficient to constitute a cause of action. *Harris* v. *Harris,* 61 Ind. 117.

For no two separate and distinct causes of action in favor of different parties can be joined together against the same party. Hence, although a complaint may state one cause of action in favor of one plaintiff and another in favor of another, if the same cause of action is not stated in favor of all the plaintiffs, the complaint is insufficient on demurrer for want of facts.

The facts alleged in the first paragraph do not constitute a cause of action in favor of the appellee Nancy J. Roseboom.

The second paragraph contains most of the material allegations contained in the first, and, in addition, it is alleged that the appellee Daniel M. Roseboom and one Simon Folk were the owners of the stock of goods, and that they employed said Mills to exchange the stock of goods for appellant's property.

It is also alleged that pursuant to an agreement between appellees and Folk, that part of the real estate traded for, which was situate in the city of Indianapolis,

became the property of the appellee Daniel M. Roseboom, and that Folk has no interest therein.

One of the causes of demurrer to this paragraph was that there was a defect of parties defendant, in this, that Folk should have been made a party. This contention can not prevail. Although it is alleged that by agreement this property became and was the property of the appellee Daniel M. Roseboom, the court can not infer that it became his property in any other manner than by deed of conveyance. Had it been alleged that the rights under the contract had been transferred to the appellee by Folk, and that by reason thereof, he became the sole party in interest, and alone entitled to the enforcement of the contract, it would have been necessary to have made Folk a party defendant, unless the assignment was in writing.

This paragraph, however, is subject to the same infirmity as the first, in that it does not state a cause of action in favor of the appellee Nancy J. Roseboom.

We will not consider any of the other objections to either of the paragraphs, for the reason that the same may be amended and the objections thus obviated.

Judgment reversed, with instructions to sustain the demurrer to each paragraph of the complaint.

Filed May 17, 1894.