Filed Jan. 30, 1895.

---

No. 17,342.

## GLESSNER, ADMINISTRATOR, v. CLARK, ADMINISTRATOR.

DECEDENT'S ESTATE.—*Binding Effect of Order Made on Current Account.* —*Heirs or Legatees.*—An order, upon a current settlement of an estate, to the extent it determines any question of heirship or the right of any one to the money as heir or legatee, is not binding upon the heirs or legatees, and they may have it set aside.

SAME.—*Correcting Mistakes in Prior Orders and Reports.*—*Estoppel of Administrator to Procure Correction of Mistake.*—An administrator or executor is required to take such steps as may be necessary to correct all mistakes and errors in any former proceedings in the estate; and the court has full power to make all necessary corrections so

long as the estate remains open.  An administrator can not, by any act of his, in making a distribution or procuring the approval of his report  deprive a legatee of his right under the will, nor estop himself or his successor from having the same corrected.

From the Shelby Circuit Court.

*O. J. Glessner* and *F. Glessner,* for appellant.
*Adams* and *Carter,* for appellee.

MONKS, J.—Appellant filed his complaint in the court below against appellee to set aside and revoke two orders of said court, made in the estate of Allen Porter, deceased. .

It appears from the complaint that Allen Porter died testate in 1880, leaving his widow, Mary A. Porter, surviving him, but no father or mother, and no child or children or their descendants.   By the terms of his will, he gave all his estate, real and personal, after the payment of his debts, to his widow, Mary A. Porter, during her life.   The will further provides that after the death of his wife two legacies, of one thousand dollars each, should be paid, and that the remainder of his estate, real and personal, should go to and be vested in his heirs at law, according to the laws of the State of Indiana.

Mary A. Porter, his widow, elected to take under the law.   John Owens was appointed administrator with the will annexed, of the estate of Allen Porter, deceased, in 1880, and continued to act as such until June, 1893, when he resigned, and appellant was appointed administrator, etc., of said estate.   Mary A. Porter, the widow, died in 1893, and appellee was appointed administrator of her estate.

The first order, which appellant seeks to set aside, was made on the 5th day of July, 1882, on the *ex parte* petition of said Mary A. Porter, who was then living. The petition alleged, in substance, that she was the

widow, legatee, and heir of said Allen Porter; that by
the provisions of his will all of his estate, after the pay-
ment of his debts, was to be delivered to her for the term
of her natural life; that she had elected to take under
the law; that said deceased left no children or father or
mother surviving him; that one John Owens, adminis-
trator with the will annexed of said estate, had made a
final settlement of said estate, showing an amount of
cash and notes belonging to said estate, which she is
willing to take and receipt for upon a proper assignment
to her of said notes.  The court, upon said petition, en-
tered an order that the administrator of said estate as-
sign said notes to said Mary A. Porter and deliver the
same to her as her property, and that the clerk of the
court pay over to her $3,791.92, the amount paid into
him by the administrator.

The other order was one approving a partial settle-
ment of Owens, administrator of the estate of Allen
Porter, deceased.  This report was filed July 5, 1882.
Notice was ordered given as required by the statute, and
the hearing of the same was set for October 2, 1882; the
legal notice was given, and on the 2d of October, 1882,
the court examined the same and made and entered the
following order of record:  "And said account and
vouchers, being now submitted to the court for examin-
ation and approval, and the court being sufficiently ad-
vised in the premises and satisfied of the correctness of
said account, and no heirs, creditor or legatee appearing
to resist the confirmation thereof or show cause why the
same should not be approved, it is, therefore, ordered
and adjudged by the court, that the administrator's said
account so rendered, as aforesaid, be ratified and con-
firmed; and that the administrator's trust be continued
until the death of Mary Porter, the widow of said Allen
Porter, for the purpose of paying certain legacies which,.

by the provisions of the will of said Allen Porter, are payable at the death of said Mary Porter."

One of the items of credit in said partial settlement was as follows:

"No. 24. Notes turned over to Mary Porter, $6,-304.40."

Appellee filed a motion to dismiss and reject the complaint, which was sustained by the court below, to which an exception was reserved.

The question presented here is as to the correctness of this ruling of the court. Counsel for appellee earnestly contend that the order approving said partial settlement can not be opened up and changed, for the reason that notice having been given as required by law the same is final and conclusive; that if any error was committed it was an error of law.

These orders having been made in 1882 are governed by the provisions R. S. 1881, concerning decedents' estates. That law required that at the end of one year from the date of the issuing of letters and the notice thereof, the executor or administrator should file in the court issuing his letters, a true and complete account of all assets of the estate which shall have come into his hands, and all disbursements made by him, and all credits to which he may be entitled for *the payment of claims to creditors*. Sections 2384, 2385 and 2386, R. S. 1881. Upon the filing of this account the law required the clerk to give notice, by publication and posting, of the day when the same should be heard, and that if such account be for final settlement, the heirs should be notified in addition to appear and make proof of their heirship to the estate, section 2390, R. S. 1881.

If a final settlement of account be filed after the expiration of one year, notice of the time for hearing the same shall be given to the creditors, heirs, devisees and

legatees of the deceased, in like manner as in the case of the filing an account at the end of the year. And if any matter be exhibited necessary to be answered by any of such parties, or to be specially determined by the court, the parties to be affected thereby shall be personally summoned to attend at the hearing of such account and show cause why it should not be approved. The summons shall be served at least ten days before the time of hearing. Section 2395, R. S. 1881.

A final settlement may be set aside and reopened at any time within three years, for illegality, fraud or mistake in such settlement or in the prior proceedings. Section 2403, R. S. 1894.

Section 2404, R. S. 1881, section 2559, R. S. 1894, provides that ''in every settlement of an account rendered by an executor or administrator, all his former accounts may be so far opened as to correct any error or mistake therein; excepting that any matter in dispute between two parties, which had been previously heard and determined by the court, shall not be brought again in question by either of the same parties, without notice to the opposite party and by leave of the court.''

Section 2406, R. S. 1881, section 2562, R. S. 1894, provides that ''when a final settlement account shall have been filed, and notice given to the heirs, devisees, and legatees to prove their claims to the surplus, * they shall appear before the court * in person, or by attorney * and make proof of their heirship or title to such surplus.''

The only time when notice by publication and posting, under the foregoing sections of the decedents' act of 1881, was sufficient to require the heirs, devisees and legatees to appear and prove their claims to the surplus for distribution, was on final settlement. They were bound by the judgment and order of the court made at such hearing, but if they failed to appear they might

obtain relief for illegality, fraud or mistake at any time within three years,under the provision of section 2403, R. S. 1881, *supra*.

Proof of heirship and orders of distribution among heirs and legatees may be made before final settlement, but to bind the heirs, devisees and legatees by such orders, they must be personally served with proper notice thereof, or voluntarily appear to such proceeding. It is clear that when the court, on the hearing of a partial account, makes an order for distribution to heirs or legatees or an allowance of any credit for payment to an heir or legatee, when the only notice is by publication and posting, as required by section 2390, R. S. 1881, *supra*, such an order, to the extent it determines any question of heirship or the right of any one to the money as heir or legatee, is not binding upon the heirs or legatees. These sections must be construed together.

Under section 2304, R. S. 1881, *supra*, at any settlement of account errors or mistakes may be corrected in former accounts. The fact that notice was given of the filing of such former accounts did not except them from the provisions of this section. There is only one exception made, and that is "matters in dispute between two parties, which had been previously heard and determined by the court," yet this may be again heard by leave of the court on notice to the opposite party.

It is the duty of appellant to collect the assets of the estate and distribute the same according to the provisions of the will. For this purpose he is required to take such steps as may be necessary to correct all mistakes and errors in any former proceeding in the estate. Said orders of the court, so far as they attempt to determine any question of heirship, or the right of any one to the personal estate as heir or legatee, are not binding on the heirs or legatees, and may be set aside and cor-

rected on the application of appellant. It is no answer to say that Owens obtained this decision of the court on his partial account. He could not at that time, on constructive notice, procure any order that would bind the legatees or heirs, as to the question of heirship or distribution. His being allowed a credit for $6,-304.40 for notes turned over to Mary A. Porter, was not an adjudication of which she could avail herself. The allowance of that credit to him was no adjudication in her favor or against the legatees, who would take at her death. They were not in court. The administrator could not, by any act of his, in making such distribution or procuring the approval of the report, deprive the legatees of their rights under the will, nor estop himself or his successor from having the same corrected. This disposes of the objections urged to the complaint.

Judgment reversed, with instructions to the court below to overrule the motion to dismiss, and for further proceedings in accordance with this opinion.

HACKNEY, Judge, did not participate in this decision.

Filed Jan. 29, 1895.