SMITH, ADMINISTRATOR, *v.* MILLER ET AL.

[No. 2,530.   Filed October 26, 1898.]

DECEDENTS' ESTATES.—*Complaint to Set Aside Settlement.*—A com-. plaint by creditors to set aside the final settlement report of a dece-dent's estate on the ground of fraud, under section 2558, Burns' R. S. 1894, must show that such fraud worked pecuniary damages to the petitioners.   *pp. 84, 85.*

COMPLAINT.—*When Defect Not Cured by General Verdict.*—A com-plaint failing to aver a material fact cannot be cured by general verdict.   *p. 85.*

From the Carroll Circuit Court.   *Reversed.*

*A. C. Hindman, L. D. Boyd* and *John H. Gould,* for appellant.

*Pollard & Pollard,* for appellees.

COMSTOCK, J.—This action was brought by appel-lees as creditors of Thomas B. Robertson, deceased, whose claims had been allowed but had not been paid, asking that the final settlement made by the adminis-trator of said estate be set aside, and the estate re-opened.   The petition was based upon section 2558, Burns' R. S. 1894 (2403, Horner's R. S. 1897), which reads as follows: "When final settlement of an es-tate shall have been made, and the executor or ad-ministrator discharged, any person interested in the estate, not appearing at the final settlement, nor per-sonally summoned to attend the same, may have such settlement, or so much thereof as affects him ad-versely, set aside, and the estate reopened, by filing in the court in which settlement was made, within three years from the date of such settlement, his pe-tition, particularly setting forth the illegality, fraud or mistake in such settlement or in the prior proceed-ings in the administration of the estate, affecting him adversely.   The executor or administrator of the es-

tate, and any of the creditors, heirs, devisees or lega-
tees of the decedent adversely interested in the mat-
ters alleged in such petition, shall be made defend-
ants thereto, and shall be entitled to such notice of the
pendency thereof as is required to be given, under the
code of civil procedure, to defendants in ordinary ac-
tions," etc. A demurrer to the petition, for want of
facts, was overruled, a general denial filed, and, upon
final hearing, the court found that by mistake the ad-
ministrator had failed to charge himself with three
separate items, amounting in the aggregate to $72.
The final settlement was set aside, and the adminis-
trator directed to file another report, charging himself
with said omitted items and setting out an itemized
statement of his services as administrator.

The assignment of errors contains three specifica-
tions. The first and second challenge the sufficiency
of the complaint. The third the action of the court
in overruling the motion for a new trial.

The petition avers that the plaintiffs are creditors
of the estate of said Robertson, deceased; that letters
of administration were duly issued to the defendant,
Smith, on the 22d day of August, 1891; that on the
19th day of April, 1896, he filed in the Carroll Circuit
Court his final settlement report of his said trust,
which said settlement was duly approved and duly
entered in the proper order book of said court; that
neither of the plaintiffs appeared to said settlement;
that neither of them was summoned to attend the
same, nor did they have any notice whatever that the
same would be made; that each of the plaintiffs had
claims allowed against said estate, but neither of
them received any part thereof; that such estate was
settled as insolvent, and that said report was pro-
cured by fraud and misrepresentation practiced by
said administrator upon the court. The petition then

sets out particularly the acts which appellees characterize as fraudulent, among them the failure of the administrator to account for divers sums of money which he received as such administrator from various sources, and for which he did not account in said report.

Without setting out the averments showing the illegality, fraud or mistakes of the administrator on account of which the petitioners asked that the final report be set aside, it is enough to say that they were sufficient to justify the trial court in reopening the estate, had the petition not been wanting in other necessary averments. The statute clearly contemplates that the report shall be set aside and the estate reopened only upon the petition of those whose pecuniary interests have been affected adversely by the settlement. It must therefore appear from the complaint that the illegality, mistake or fraud worked pecuniary damage to the petitioners. This does not appear from the averments of the complaint. It is alleged that the estate was settled as insolvent. It appears from the petition that the real estate was sold by the administrator to pay debts. If the estate was insolvent it should appear from the complaint that appellee's claims were entitled to payment in the order of priority, or that there was a balance after payment of claims entitled to priority to be applied prorata upon the unsecured or general claims. The complaint does not show the amount of either of appellee's claims. It should show at least that their claims were for more than a nominal amount. In other words the complaint should show that appellees were affected adversely by the alleged errors or fraud, and that but for the alleged illegality, mistake or fraud, there would have been assets to apply to their respective claims. *Spicer* v. *Hockman,* 72 Ind. 120. This the

complaint fails to do. For this reason the trial court erred in overruling the demurrer. In the event of another trial, the other alleged errors are not likely to arise and we do not consider them.

The learned counsel for appellees suggest that an examination of the record will disclose that the cause was fairly tried and that even if the ruling on the demurrer to the complaint was erroneous, the judgment should be affirmed under section 348, Burns' R. S. 1894 (345, Horner's R. S. 1897), reading as follows: "No objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined." This section has been held in a number of cases, by the Supreme and this court, to apply to special findings, but then in a qualified sense. The finding in this case must be held to be a general finding. In *American Ins. Co.* v. *Replogle*, 114 Ind. 7, the court, by Mitchell, C. J., says: "The special findings cannot be looked to in order to determine the propriety of a ruling on the pleadings, unless the findings show that they rest upon other pleadings than the one ruled on." In the *Lake Shore, etc., R. Co.* v. *Kurtz*, 10 Ind. App. 60, the court, after a lengthy review of numerous decisions upon the question, declined to hold that a complaint defective in matter of substance could be cured by a special finding. In *Western Assurance Co.* v. *McCarty*, 18 Ind. App. 453, it was held that the failure to aver a material fact was not cured by a special finding. See, also, *Jones* v. *Casler*, 139 Ind. 382; *Western Assurance Co.* v. *Koontz*, 17 Ind. App. 54; *Rhodes* v. *Hilligoss*, 16 Ind. App. 478; *Dill* v. *Mumford*, 19 Ind. App. 609. Judgment reversed, with instructions to the lower court to sustain the demurrer to the complaint.