## EULER *v.* EULER, ADMINISTRATOR.

[No. 8,047.   Filed October 10, 1913.   Rehearing denied February 25, 1914.]

1. PLEADING.—*Theory.*—*Sufficiency.*—A pleading should proceed on a certain and definite theory, and its sufficiency should be judged and determined on that theory. p. 553.

2. APPEAL.—*Review.*—*Sufficiency of Pleadings.*—On appeal the sufficiency of a pleading will be determined with reference to its theory as adopted in the trial court. p. 553.

3. GUARDIAN AND WARD.—*Accounting and Settlement.*—*Opening and Vacating.*—*Statutes.*—By virtue of §3074 Burns 1908, §2527 R. S. 1881, providing that the bond given by any guardian may be put in suit by any person entitled to the estate, "and such suit shall be governed by the law regulating suits on the bonds of executors and administrators", an action to set aside a guardian's final settlement may be maintained under §2925 Burns 1908, §2403 R. S. 1881, providing for setting aside and vacating the final settlement of decedents' estates, although not expressly authorized by the latter section. p. 554.

4. EXECUTORS AND ADMINISTRATORS.—*Actions.*—*Complaint.*—*Demurrer.*—A demurrer for want of facts addressed to the complaint of an administrator raises the question of whether it states a cause of action in his favor in the capacity in which he sues. p. 555.

5. GUARDIAN AND WARD.—*Opening and Vacating Settlements.*—*Complaint.*—*Persons Entitled to Maintain Action.*—While the language of §2925 Burns 1908, §2403 R. S. 1881, under which an action to open and set aside the final settlement of a guardian may be maintained, discloses a legislative intent to limit its application to such persons only as are adversely affected by the mistake, fraud or other illegality which entered into the settlement, where the property sought to be recovered is personal property of a deceased ward, the action should be prosecuted by the administrator of his estate, since by operation of law such property goes to the administrator; hence the complaint in such an action by an administrator was not insufficient, although it disclosed an interest in the heirs of the deceased ward which seemingly brought them within the spirit of the statute as being the proper parties to maintain the action. p. 555.

6. GUARDIAN AND WARD.—*Opening and Vacating Settlements.*—*Statutory Provisions.*—Although §2925 Burns 1908, §2403 R. S. 1881, providing for opening and setting aside settlements of decedents' estates, and under which an action may be maintained to open and set aside the settlement of a guardian, expressly re-

stricts the right of action to any person interested who was neither present at the final settlement nor personally summoned to attend the same, such restriction does not apply where the action is to set aside the settlement of a guardian, for the reason that no notice of final settlement of a guardianship is required except where made under §3070 Burns 1908, §2523 R. S. 1881, providing for settlement of estates of deceased wards in certain cases without administration.    p. 556.

7.   GUARDIAN AND WARD.—*Action to Open and Vacate Settlement.— Complaint.—Harmless Error.*—Although a complaint, under §2925 Burns 1908, §2403 R. S. 1881, to set aside the final settlement of a guardian should aver that plaintiff was neither personally present at the settlement, nor summoned to appear, the error in overruling the demurrer to the complaint in such an action brought by the administrator of a deceased ward, for failure to contain such averment, was harmless, where plaintiff was permitted to prove that he had not qualified at the time of the settlement and could not have been present as such administrator.    p. 557.

8.   APPEAL.—*Review.—Objections to Evidence.*—A general objection to the admission of evidence, without the statement of any reason, is not available on appeal.    p. 557.

9.   GUARDIAN AND WARD.—*Action to Open and Vacate Settlement.— Complaint.—Sufficiency.*—A complaint by the administrator of the estate of a deceased ward against the guardian to set aside the latter's final settlement, alleging facts showing that none of the charges made by such guardian were legal or proper, and that his report showed an appropriation of all the funds and an indebtedness due him from his ward, was not open to the objection that it failed to show an injury to plaintiff from the mistake or fraud complained of.    p. 558.

10.  GUARDIAN AND WARD.—*Protection of Ward's Interests.*—The law jealously guards the interests of those whose estates are in the care and keeping of the courts.    p. 558.

11.  GUARDIAN AND WARD.—*Opening and Vacating Settlements.— Concealment or Misrepresentation by Guardian.*—A guardian, being an officer of the court, is under obligation to make full and true disclosures in his reports of all matters materially affecting his trust of which he has knowledge, so that any misrepresentation or concealment, whereby an approval of a settlement giving him an unfair advantage is procured, will vitiate such settlement and remove the foundation upon which the approval and order of the court rests.    p. 558.

12.  GUARDIAN AND WARD.—*Opening and Vacating Settlements.— Complaint.—Inferences from Facts Averred.*—A complaint to set aside a settlement made by a guardian, though merely mentioning the guardian's reports by way of reference, explanation or re-

cital, is not insufficient as failing to allege that any current report or final settlement was made, where the facts alleged justify the inference that such reports and final settlement were made and filed. p. 559.

13. PLEADING.— Complaint.— Omissions.— Cure by Answer.— The omission, in a complaint to set aside the settlement of a guardian, to allege that his reports and final settlement had been approved, was cured by defendant's answer alleging such filing and approval. p. 559.

14. GUARDIAN AND WARD.—Accounting and Settlement.—Opening and Vacating.—Limitation of Actions.—While an ordinary action by the administrator of a deceased ward against the guardian for money had and received would be controlled by the six years' statute of limitations, an action under §2925 Burns 1908, §2403 R. S. 1881, to set aside the final settlement of such guardian, must be brought within three years from the date of the settlement sought to be set aside. p. 560.

15. APPEAL.—Review.—Harmless Error.—Ruling on Demurrer to Answer.—Overruling the demurrer to an answer, in an action under §2925 Burns 1908, §2403 R. S. 1881, to set aside the settlement of a guardian, averring that the cause of action did not accrue within either the five or six year period of limitation, was harmless, where the undisputed evidence, admitted without objection, shows that the settlement was made less than three years before the bringing of the suit. p. 561.

16. GUARDIAN AND WARD.—Action to Open and Vacate Settlement. —Admission of Evidence.—In an action to set aside the final settlement of a guardian, the admission of the testimony of the probate commissioner as to certain proceedings and statements made by the guardian when his reports were filed and acted upon, was proper. p. 561.

17. GUARDIAN AND WARD.—Action to Open and Vacate Settlement. —Exclusion of Evidence.—A contract by those who expected to inherit the real estate of an insane ward, made with reference to such real estate, and under which the guardian was to care for said ward, while made for the ward's benefit, affected their interests alone in his real estate, so that, in an action after the ward's death by the administrator of his estate against the guardian to open and vacate the final settlement, evidence on behalf of the guardian showing a demand that the heirs comply with their agreement, and their refusal, was properly excluded. p. 562.

18. APPEAL.— Review.— Evidence.— Sufficiency.— Where each material averment of the complaint has some evidence for its support, a judgment for plaintiff will not be reversed on the ground of insufficient evidence. p. 562.

From Vanderburgh Circuit Court; C. A. DeBruler, Judge.

Action by Charles Euler, administrator of the estate of Frederick Euler, deceased, against Jacob Euler. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Louis E. Kunkel* and *Robinson & Stilwell*, for appellant.
*Louis O. Rasch* and *Samuel E. Crumbaker*, for appellee.

HOTTEL, P. J.—This is an action brought by appellee as administrator of the estate of Frederick Euler, deceased, to revoke and set aside the final settlement and current reports of appellant as guardian of said decedent, and to recover judgment against such guardian for the funds received by him. The complaint was in two paragraphs. The first paragraph was dismissed, and hence it and the pleadings addressed thereto need not be considered. A demurrer to the second paragraph for want of facts was overruled, and appellant filed an answer in three paragraphs, the second and third of which plead the six and five years' statutes of limitations respectively, and were each held insufficient against a demurrer. A trial by the court resulted in a finding for appellee that the proceedings of appellant during his trust as guardian were "grounded in fraud and mistake of facts and ought to be set aside and held for naught" and that appellee recover of appellant $5,276.67. A motion for new trial and a motion in arrest of judgment were overruled and exceptions saved to each ruling. The errors relied on for reversal, and argued by appellant in his brief, present each of the above indicated rulings on the said several demurrers to the pleadings, and the respective rulings on the motion for new trial and the motion in arrest of judgment.

The facts about which there seems to be no dispute, are, in substance, as follows: On March 10, 1876, Frederick Euler, then in life, was adjudged a person of unsound mind, and appellant, Jacob Euler, a brother, was appointed his guardian, and as such qualified and entered upon the performance of the duties of such trust. At that time Frederick's estate consisted of a fraction over thirty-four acres

of real estate of the probable value of $3,000 and a yearly rental value of $100. Frederick Euler then had a living sister, Elizabeth Crass, and three brothers, viz., Charles Euler, George Euler and said Jacob Euler. The sister and brothers constituted the sole and only persons who, at that time, would become the heirs of Frederick in case of his death, and they, on March 14, following, entered into an agreement for his care and maintenance, which agreement was reduced to writing and signed by all of them except Jacob, and also signed by the husband of Mrs. Crass. The agreement follows:

"Know all men by these presents that Charles Euler, George Euler, Elizabeth Crass and Andrew Crass, her husband, all of the county of Vanderburgh, and the State of Indiana, parties of the first part, and Jacob Euler, of said county and State, party of the second part, have this day entered into the following contract and agreement, to wit: Whereas one Frederick Euler, the brother of all the parties hereto has been adjudged as a person of unsound mind and incapable of managing his estate, and it being necessary for some one to take care of said Frederick Euler, now, therefore, it is agreed by the parties hereto that said Jacob Euler shall take care of said Frederick Euler, keep him at his house and support him and take care of him during his natural life, furnishing him all necessary comforts and generally providing for him as a member of his own family, in consideration whereof the said parties of the first part, covenant and agree for themselves, their executors, heirs and administrators to convey, surrender, release, waive and quitclaim unto said Jacob Euler all right, title and interest which they may now have or may at any future time acquire or inherit as heirs of said Frederick Euler in and to the following described real estate, in the County of Vanderburgh, State of Indiana, to wit: (Here follows description.) In witness whereof the said parties of the first part have hereunto subscribed their names and set their seals this 14th day of March, 1876. Charles Euler, L. S. George Euler, L. S. Elizabeth (X) Crass, L. S. Andrew Crass, L. S."
Her
Mark.

This agreement was acknowledged by all the parties who signed it and was recorded March 14, 1876. At this time Frederick was living with his brother, Jacob, and thereafter, until his death, remained in the home of Jacob and was there maintained and supported as provided in such agreement. Appellant failed to file any current report as guardian, prior to March 10, 1886, at which time the court, on account of such failure, entered an order revoking his appointment. Later said ward was allowed a pension by the United States Government and on May 14, 1894, the appellant filed in the court of his former appointment a petition wherein he represented that Frederick Euler had been allowed a pension and prayed that letters of guardianship be again issued to him. The prayer of this petition was granted and letters of guardianship were again issued to appellant and he thereupon qualified and entered upon the duties of his said trust, and from time to time filed current reports until the death of his ward, which occurred March 16, 1910. On June 15, 1910, the appellant filed his final settlement as guardian, in which he showed a balance 'due him of $1,400.50 in excess of all sums received by him.

The complaint in addition to setting out the above facts, avers in substance, that the guardian, after his second appointment, received pension money aggregating $2,894 and rents and profits from the real estate amounting to $809; that none of this was loaned by the guardian; that all of it could have been loaned at the rate of eight per cent per annum; that the agreement above set out, which is filed as an exhibit with the complaint and made a part thereof, was made by said heirs for the benefit of said ward, and that appellant acted thereunder and complied with the terms thereof until May 14, 1894, when he filed his petition to be reappointed guardian; that up to this time, appellant made no charge nor claim for clothing, shoes, tobacco, board, washing, etc., furnished said ward; that by reason of said agreement, the charges afterwards made therefor by appel-

lant were unjust and illegal; that said ward during all of said time was physically able to earn money and that appellant kept him employed and his services to said guardian were of the value of $10 per month; that in his reports as guardian, appellant concealed said facts from the court; that the representations made by the guardian in his current reports and in his final report were false and untrue in law and in fact, and that he was at no time entitled to charge, collect and appropriate the ward's money for the purposes therein stated; that appellant mingled said ward's money with his own money and wrongfully and without right appropriated and converted to his own use all of the property of said ward and refused to pay the same. Appellant then asks "that all and singular reports made by said guardian  *  *  *  and the orders of the court, made and entered therein and thereon be set aside and held for naught, that the report in final settlement and the pretended final settlement of said guardian and the order of court confirming the same and granting a discharge to said guardian be set aside and held for naught, and that plaintiff be awarded judgment of and from the defendant in the aggregated amount of money received by him as guardian as aforesaid together with interest thereon in the sum of Six Thousand Dollars ($6,000.00.)"

A pleading should proceed on a certain and definite theory and its sufficiency should be judged and determined on that theory. *Mescall* v. *Tully* (1883), 91 Ind. 96, 99; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 622, 40 N. E. 62; *Platter* v. *City of Seymour* (1882), 86 Ind. 323, 326; *Smith* v. *Rosebloom* (1894), 10 Ind. App. 126, 128, 37 N. E. 559; *Chicago, etc., R. Co.* v. *Bills* (1885), 104 Ind. 13, 16, 3 N. E. 611. The theory of a pleading adopted by the parties and the trial court will be adopted by this court on appeal, and on such theory the sufficiency of the pleading will be determined. *Brink* v. *Reid* (1890), 122 Ind. 257,

258, 259, 23 N. E. 770; *Feder* v. *Field* (1889), 117 Ind. 386, 391, 20 N. E. 129; *Lewis* v. *Stanley* (1897), 148 Ind. 351, 357, 45 N. E. 693, 47 N. E. 677; *Flint & Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 504, 79 N. E. 503, 12 L. R. A. (N. S.) 924; *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 644, 83 N. E. 246; *Southern R. Co.* v. *Crone* (1912), 51 Ind. App. 330, 99 N. E. 762.

It is evident from the judgment and other proceedings of the trial court hereinafter disclosed that such court held the complaint sufficient as stating a cause of action 3. under §2925 Burns 1908, §2403 R. S. 1881, which provides as follows: "When final settlement of an estate shall have been made, and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside, and the estate re-opened, by filing in the court in which the settlement was made, within three years from the date of such settlement, his petition, particularly setting forth the illegality, fraud or mistake in such settlement or in the prior proceedings in the administration of the estate, affecting him adversely. The executor or administrator of the estate, and any of the creditors, heirs, devisees, or legatees of the decedent adversely interested in the matters alleged in such petition, shall be made defendants thereto, and shall be entitled to such notice of the pendency thereof as is required to be given, under the code of civil procedure, to defendants in ordinary actions. If any person interested in an estate shall, at the time of the final settlement thereof, be under legal disabilities, he may file such petition within three years from the time of the removal or cessation of such disability." This section does not expressly provide for setting aside a final settlement of an estate by a guardian, but §3074 Burns 1908, §2527 R. S. 1881, provides that "Any bond given by any guardian may be put in suit

by any person entitled to the estate, and such suit shall be governed by the law regulating suits on the bonds of executors and administrators.'' It has been expressly held that by virtue of the latter section, the former applies to guardianships. *State, ex rel.* v. *Parsons* (1900), 155 Ind. 67, 69, 57 N. E. 711, and authorities there cited; *Briscoe* v. *Johnson* (1881), 73 Ind. 573, 576; *Horton* v. *Hastings* (1891), 128 Ind. 103, 104, 27 N. E. 338; *State, ex rel.* v. *Parsons* (1897), 147 Ind. 579, 47 N. E. 17, 62 Am. St. 430.

Appellant does not dispute the application of §2925, *supra,* to settlements made by guardians, but insists that appellee in his complaint fails to bring himself within the terms of such section. It is insisted that, under the averments of this complaint, the action is not properly brought by the administrator, and that no cause of action is stated in him. Inasmuch as this question is tendered by the demurrer for want of facts (*Martin* v. *Caldwell* [1911], 49 Ind. App. 1, 96 N. E. 660, 661; *Coddington* v. *Canaday* [1901], 157 Ind. 243, 252, 253, 61 N. E. 567; and *Toner* v. *Wagner* [1902], 158 Ind. 447, 449, 63 N. E. 859), it will be first considered.

This complaint does not show that the guardian left unpaid any debts against the estate of his ward, but on the contrary, the reasonable, if not the necessary, inference to be drawn from all the facts averred is that the guardian had himself paid all the debts against the estate of his ward and that the heirs of the ward are the only persons adversely affected by the fraud which is alleged to have vitiated the final settlement sought to be set aside by the appellant. The language used in §2925, *supra,* makes clear the intent of the legislature to limit its application and benefits to such persons only as are adversely affected by the mistake, fraud or illegality which entered into the final settlement of the administrator or executor sought to be set aside. See, also, *Smith* v. *Miller* (1898), 21 Ind. App. 82, 84, 51 N. E. 508; *Spicer* v. *Hockman*

(1880), 72 Ind. 120, 123, 124. Under the facts alleged in this complaint and the agreement above set out, the heirs of the deceased ward seem to fall more clearly within the spirit of the statute than does the administrator who brings the action. However, the property sought to be recovered herein was the personal estate of the deceased ward and by operation of law such estate went to the administrator of his estate. Furthermore, the Supreme Court has expressly held that actions of this character accrue to the administrator of the estate of the deceased ward, and should be prosecuted by him. *Horton* v. *Hastings, supra; Peterson* v. *Irwin* (1902), 28 Ind. App. 330, 333, 62 N. E. 719.

It is also insisted by appellant that the complaint in this case is fatally defective because it fails to aver that the appellee was not personally present at the final settlement made by the guardian and was not personally summoned to attend the same. The statute in question, by its express terms, limits its benefits to such persons, and in cases involving a final settlement made by an executor or administrator, the Supreme Court and this court have indicated that such absent averments or their equivalent are important and necessary. *Crum* v. *Weeks* (1891), 128 Ind. 360, 362, 363, 27 N. E. 722; *Dilman* v. *Barber* (1888), 114 Ind. 403, 404, 406, 16 N. E. 825. In this connection, however, it must be remembered, as before indicated, that the section of statute in question is limited in its application to estates of administrators and executors, and that it is by reason of other sections of the statute that the courts have extended such application to estates settled by guardians. The courts must be presumed to have intended such extension in so far only as the provisions of such section could be consistently applied to estates of guardians, having regard for the general provisions of the law regulating the settlement of such estates. The law regulating the settlement of estates by an administrator or executor expressly provides for the notice of such settlement. §2912 Burns

1908, Acts 1883 p. 160. Hence the importance and reason for the limitation of the benefits of §2925, *supra*. No such provision for notice of a settlement by a guardian exists, except that he settle under §3070 Burns 1908, §2523 R. S. 1881. *Castetter* v. *State, ex rel.* (1887), 112 Ind. 445, 14 N. E. 388; *Doan* v. *Dow* (1893), 8 Ind. App. 324, 35 N. E. 709. It follows, that there is no reason to apply to such settlements, that part of §2925, *supra,* which limits the benefits thereof to those only who were not personally summoned to attend such settlement, and where the reason for a rule ceases, it is fundamental that the rule itself ceases. However, the absence of a statute requiring notice of final 7. settlement by guardians furnishes no reason for omitting from the complaint the averment that the plaintiff was not present at such settlement, but in this case the appellee was permitted to prove without objection that the final settlement of the guardian was filed June 6, 1910, and that the judgment approving such report and discharging the guardian was rendered on that day. Appellee was also permitted to introduce in evidence his letters of administration which show that they were not issued until November 26, 1910, some five months after the filing and approval of the guardian's final settlement. This undisputed evidence shows that the administrator who brings the action was not appointed until more than five months after the guardian's final settlement and discharge, and hence, in his capacity as administrator, could not have been present at or summoned to appear at such final settlement. This proof was made without any objection by appellant except 8. a general objection to the admission of the letters accompanied by no reason and therefore was not available. Hence it appears, that the absent averments of the complaint were supplied by the proof without objection and under the recent holdings of the Supreme Court and this court, the error in overruling the demurrer on account of such absent averments was thereby cured and

rendered harmless. *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177; *Noble* v. *Davison* (1912), 177 Ind. 19, 96 N. E. 325, and cases cited; *Vulcan Iron, etc., Co.* v. *Electro, etc., Min. Co.* (1913), 54 Ind. App. 28, 99 N. E. 429.

Appellee further contends that appellant should have averred in his complaint that he had been injuriously affected by the mistake or fraud of which he complains. The complaint under consideration contains the equivalent of such averment. If the averments of the complaint be true, and for the purposes of the demurrer they must be so treated, none of the charges made by the appellant against his ward's estate were legal or proper and appellant should have accounted to such estate for the entire funds which came into his hands. Instead, his final settlement showed the funds all appropriated by the guardian and an indebtedness against the ward. It follows as a necessary inference that the estate of the ward was injured to the extent of the funds appropriated by his guardian, and this administrator as the personal representative of such ward, and the person entitled to his personal estate was likewise injured.

It is insisted that the complaint attempts to charge fraud by way of concealment and by way of misrepresentation and wholly fails to charge either sufficiently. In answer to this contention, it may be said that the law jealously guards the interests of those whose estates are in the care and keeping of the courts. A guardian is an officer of the court and a duty rests upon him, when making his reports, to make truthfully a full disclosure to the court of all matters of which he has knowledge which materially affect his trust, and the authorities all seem to indicate that misrepresentation or concealment of such matters which works an imposition on the court and procures an approval of a settlement which gives an unfair advantage to the guardian at the expense of the estate of

his ward will vitiate such settlement and remove the foundation upon which such approval and order of the court rests. *State, ex rel.* v. *Petersen* (1905), 36 Ind. App. 269, 274, 276, 75 N. E. 602; *Slaughter* v. *Favorite* (1886), 107 Ind. 291, 298, 299, 4 N. E. 880, 57 Am. Rep. 106; *Favorite* v. *Slaughter* (1881), 79 Ind. 562, 563, 564; *Asher* v. *State, ex rel.* (1882), 88 Ind. 215; *Doan* v. *Dow, supra,* 326; *State* v. *Parsons, ex rel., supra,* 69. We have indicated before, enough of the averments of the complaint to show that, under these authorities, it is not open to the objection last indicated.

Finally it is contended that the complaint nowhere alleges that any current report or final settlement was filed or made, or that there was any order or judgment of court approving such final settlement. While all mention made in the complaint of the reports filed by the guardian seems to be by way of reference, explanation or recital, yet we think that, under the more recent decisions of the Supreme Court, they are such as would justify the inference that such reports and final settlements were made and filed, but there is no averment anywhere in the complaint that any report of the guardian either current or final was ever approved or in any way acted upon or disposed of by the court in which the same was filed, or that appellant was ever discharged, or that any order or judgment of court was made in connection with any of such reports, nor are there any facts pleaded that would warrant any such inference. So far as appears from this complaint, the entire proceedings of the guardian, including his report of final settlement, may be pending for the action and approval of the court in which they were filed, except we may indulge the inference that such reports were approved because in his prayer appellant seeks to have them set aside. The purpose of the statute on which this action was based being to provide a means of setting aside a settlement, an action based thereon should certainly aver facts

showing that such a settlement had been made and that there had been an order and judgment of the court approving it. The appellant filed a first paragraph of answer addressed to this paragraph of complaint, in which he averred in substance that such guardian filed current reports and a final report; that each of such reports was approved by the court; that the court rendered a final judgment approving such final report of the guardian and discharging him from all further liability thereunder; that all of the business of the guardianship was closed and finally settled by order of court. The admissions in this answer supplied and rendered harmless the omission of said averments in the complaint to which such answer was addressed. *Lux, etc., Stone Co.* v. *Donaldson* (1904), 162 Ind. 481, 491, 494, 68 N. E. 1014; *Boots* v. *Canine* (1884), 94 Ind. 408, and authorities there cited.

It is next urged that the trial court erred in sustaining the demurrers to the paragraph of answer, setting up the five and six years' statutes of limitations respectively.

14. If this were an ordinary action by the administrator of the deceased ward against the guardian for money had and received by him, appellant would be correct in his contention that the six years' statute of limitations should apply, (See, *Roberts* v. *Smith* [1905], 165 Ind. 414, 419, 75 N. E. 894; and *State, ex rel.* v. *Parsons* [1897,] 147 Ind. 579, 583, 47 N. E. 17, 62 Am. St. 430), but as before indicated, it is evident that the parties and the trial court treated the complaint as being based on §2925 Burns, *supra.* This statute furnishes its own limitation and provides that the action can be brought within three years from the date of the settlement sought to be set aside. *Spicer* v. *Hockman, supra; Glessner* v. *Clark* (1895), 140 Ind. 427, 431, 39 N. E. 544; *State, ex rel.* v. *Parsons* (1897), 147 Ind. 579, 582, 47 N. E. 17.

The answers here pleaded included the period fixed by the statute as the time in which the action should be brought,

but neither of such answers averred that the settlement sought to be set aside was made within the five or six years respectively pleaded in such answers. They respectively averred that the appellee's cause of action did not accrue within the five and within the six year period respectively pleaded before the filing of appellee's suit. The trial court possibly took the view that the appellee's cause of action to recover the money appropriated by the guardian, might have accrued more than five or six years before the filing of the suit, and yet that the settlement sought to be set aside might have been filed less than three years before such suit, but whatever may have been the theory upon which the trial court sustained the demurrers to the answers, and whether right or wrong the ruling was harmless, because the undisputed evidence, admitted without objection, shows that the final settlement was not made until June 6, 1910, and less than three years before the bringing of this suit. Under the authorities before cited herein, no harm could have resulted to appellant by the ruling on the demurrer to said answers, and hence, such rulings, if erroneous, furnish no grounds for reversal.

The trial court called as a witness A. C. Hawkins, the probate commissioner, who had passed upon some of appellant's reports as guardian. This witness, over appellant's objections, was permitted to testify in relation to certain proceedings and statements made by the guardian when his reports were filed and acted upon. Error in admitting this evidence, constitutes one of the grounds of the motion for new trial and is urged as cause for reversal. This court has passed upon this question and settled it against the contention of appellant. *Doan* v. *Dow, supra.*

Appellant offered to prove by his attorney that a demand was made on the heirs of Frederick Euler, deceased, for a conveyance of the real estate described in the contract before

set out in this opinion, which demand was refused by each of said heirs. This evidence was excluded and it also furnishes one of the grounds of the motion for new trial which is urged as cause for reversal. The deceased ward was not a party to said contract. True, it was made for his benefit, but it was made by his heirs and affected their interest alone in his real estate. The heirs are not parties to this suit, and their refusal to carry out such contract could not operate to defeat or affect appellee's right to recover in this action. Under the issues, as here formed, we think the evidence was properly excluded. Appellant has his remedy for the enforcement of his contract if the heirs persist in their refusal to comply with its terms.

It is urged that the court erred in overruling appellant's motion in arrest of judgment, but the questions presented in the discussion of this motion are practically the same as those discussed and determined in our discussion of the objections to the complaint, and hence need not be further considered. Finally it is insisted that the decision of the trial court is not sustained by sufficient evidence. Our examination of the evidence convinces us that each of the material averments of the complaint had, at least some evidence for its support, which is enough to prevent a reversal on said ground.

We find no reversible error in the record and the judgment is therefore affirmed.

NOTE.—Reported in 102 N. E. 856. As to the fiduciary character of a guardian, see 89 Am. St. 302. See, also, under (1) 31 Cyc. 84; (2) 2 Cyc. 672; (3) 21 Cyc. 181; (4) 31 Cyc. 321; (5) 21 Cyc. 183, 184; (7) 31 Cyc. 358; (8) 38 Cyc. 1378; (9) 21 Cyc. 184; (10) 21 Cyc. 78; (11) 21 Cyc. 182; (12) 31 Cyc. 48; (13) 31 Cyc. 714; (14) 21 Cyc. 183; (15) 31 Cyc. 358; (16) 21 Cyc. 185; (18) 3 Cyc. 360.