STATE EX REL. GOODHUE *v.* BURKAM.

[No. 2,889. Filed November 16, 1899.]

EXECUTORS AND ADMINISTRATORS.—*Decedents' Estates.*—*Final Report.*—*Collateral Attack.*—The approval by the court of the final report of the administrator, and his discharge, duly entered of record in the proper order-book, has the force and effect of a final judgment, and cannot be collaterally attacked unless the adjudication was without notice. *p. 273.*

SAME.—*Guardian and Ward.*—*Administrator as Guardian.*—A guardian who is the administrator of an estate cannot represent the interest of his ward in such estate, and a judgment approving the

final report of an administrator who as guardian receipted for his ward's interest in the estate, without notice, or the appointment of a guardian *ad litem*, is void as to such ward. *pp. 273, 274.*

From the Dearborn Circuit Court.   *Reversed.*

*G. M. Roberts* and *C. W. Stapp*, for appellant.
*Johnston & Givan*, for appellee.

COMSTOCK, C. J.—The only question presented by the assignment of errors in this cause is whether the circuit court erred in sustaining the demurrer to the amended complaint.

The complaint shows that on the 7th of July, 1880, Ira Goodhue, a resident of Dearborn county, died testate the owner of property worth about $27,000; that, by the will of Ira Goodhue, the relator, a nephew, was entitled on final settlement of the estate to $992.20; that on the 4th day of August, 1880, George B. Fitch then a resident of said county was appointed administrator with the will annexed of the estate of said Goodhue, and executed his bond as such administrator with Dewitt C. Fitch and the defendant as sureties; that on March 29, 1882, said George B. Fitch, administrator, etc., filed in the Dearborn Circuit Court his final settlement report, which was approved by the court, and he was fully discharged from further liability as such administrator; that at the time of such final settlement the relator was a minor, about eight years of age, a resident of the state of Ohio. Prior to said final settlement (the complaint does not show when), said George B. Fitch was appointed guardian of the relator, and in final settlement of the estate he showed by his report that he paid the relator's share to himself as such guardian, and filed with said report a voucher therefor.   A part of the record of said final settlement is set out in the complaint.

It is alleged in the complaint that the records and proceedings of record relating to said estate and the settlement thereof fail to show that any notice, publication, summons, or process was ever at any time given, either of the appointment of the said Fitch as such administrator, or of the alleged

State, *ex rel.*, v. Burkam.

final settlement of said estate; that no such notice of appointment or of final settlement was ever given at any time, and that said record and proceedings fail to show that the relator, either by himself, next friend, or by guardian or guardian *ad litem* was in any way made a party to said alleged final settlement, or that he either by himself, or by guardian *ad litem*, appeared to said final settlement, other than the fact that said administrator claimed in said report to have paid to himself as guardian of relator the said sum as hereinafter averred. It is alleged that no money was actually paid by Fitch as administrator into the hands of said clerk of said court, or to any other person lawfully entitled to receive the same for the use and benefit of said relator; that the relator did not appear at said final settlement, had no knowledge or notice until after he became of age, and that he had no notice or knowledge of the appointment of Fitch as his guardian. That when relator arrived at the age of twenty-one years, Fitch and his sureties on the guardian's bond were insolvent; that said Fitch died in 1897, a resident of Hamilton county, Ohio, leaving no estate; that the co-surety of the defendant on the administrator's bond is dead, leaving no estate; that Fitch in his lifetime made certain conveyances of property to secure certain creditors, designating one as "the estate of Ira Goodhue;" that relator received out of the proceeds of said property $354.96, and the balance of the legacy bequeathed to him is unpaid, and he claims and demands judgment against the defendant for $2,500.

The approval of the court of the final report of the administrator, and his discharge, duly entered of record in the proper order-book of the court, has the force and effect of a final judgment and can not be collaterally attacked unless the adjudication is without notice. *Peacock* v. *Leffler*, 74 Ind. 327; *Barnes* v. *Bartlett*, 47 Ind. 98; *State* v. *Slauter*, 80 Ind. 597; *Ferguson* v. *State*, 90 Ind. 38. It must be conceded that this action, so far as it attacks the judgment approving the report and the discharge of the administrator, is a collateral attack. Whatever may be said as to what the

record shows as to notice of final settlement, it clearly appears that appellant was not represented in the final report by any one except as shown by the final report that Fitch, as guardian, receipted to himself as administrator for the legacy of appellant. The object of a notice is to give everyone interested in the estate an opportunity to be heard as to the matters affecting him. The offices of administrator and guardian held by Fitch were antagonistic; the guardian could not represent his ward and himself as administrator. He could not as guardian of his ward approve of his own report as administrator. A guardian who is not the administrator of the estate may represent his ward in the settlement of the estate, and may receipt for the share of his ward, but certainly the law could not contemplate that a guardian could thus determine the rights of his ward. The guardian was simply acting for himself, approving his own report. In such case, it is the duty of the court to appoint a guardian ad litem to look to the interest of the estate. The judgment approving of the final report, so far as the rights of appellant were alleged to be determined, was void. He had no notice of the final settlement, and was not represented in its consideration.

Judgment reversed, with instructions to the trial court to overrule the demurrer to the amended complaint.