## MEFFORD v. LAMKIN, ADMINISTRATOR.

[No. 5,597. Filed February 21, 1906. Rehearing denied May 15, 1906.]

1. DECEDENTS' ESTATES.—*Executors and Administrators.—Final Settlement.*—The filing of a final report and the giving of notice thereof confer jurisdiction upon the court to hear and determine the matters involved in such report. p. 35.

2. DECEDENTS' ESTATES.—*Distribution.*—A judgment approving an administrator's final report is conclusive so long as it stands, and it is immaterial whether the administrator distributes the money directly or procures an order to pay it to the clerk for designated persons, such order being a part of the final settlement.  p. 35.

3. SAME. — *Final Settlement. — Setting Aside. — Conversion.*—A final settlement, based upon an administrator's final report showing that such administrator and another were the only heirs, when in fact they were not heirs but another party was the only heir, will be set aside whether distribution was made directly by such administrator or whether an order was procured to pay the funds to the clerk and for such clerk to pay to such persons, whether such money was converted or is still in the hands of the clerk being immaterial.  pp. 36, 37.

4. SAME.—*Administration.—What Is.*—Administration upon the estate of a decedent imports a reduction of such decedent's estate to money, the payment of his debts and a distribution of the proceeds to those legally entitled thereto.  p. 36.

From Johnson Circuit Court; *E. A. McAlpin,* Special Judge.

Suit by James D. Mefford against David Lamkin, as administrator of the estate of Martha J. Handy, deceased. From a decree for defendant, plaintiff appeals.  *Reversed.*

*William Featherngill,* for appellant.
*Miller & Barnett,* for appellee.

ROBY, C. J.—Suit by appellant to set aside final settlement of an estate under the provisions of §2558 Burns 1901, §2403 R. S. 1881. It is averred in the complaint that appellant was the sole heir of Martha J. Handy, who departed life March 30, 1900, intestate; that appellee, Lamkin, was appointed administrator of her estate, qualifying and entering upon the discharge of said trust; that on November 8, 1901, he filed his verified final report, by which it was shown that he held for distribution the sum of $475.13, and that he himself and David Devar were the only heirs at law of said decedent; that he took and converted said sum to his own use and that of said Devar; that

on December 11, 1901, the court heard and approved said final report; that appellant was not summoned or notified to appear at the hearing, and did not appear thereat, and had no knowledge thereof. The issue was formed by a general denial. Trial and finding for defendant. Motion for new trial overruled, and judgment on the finding.

When the administrator filed his final report showing the balance for distribution, and notice thereof was given in accordance with the statute, the court thereby acquired jurisdiction over the matter of the distribution of such surplus as an incident to final settlement. *Jones* v. *Jones* (1888), 115 Ind. 504, 510; *Sherwood* v. *Thomasson* (1890), 124 Ind. 541; §2561 Burns 1901, §2405 R. S. 1881.

Upon statements contained in said report, the administrator procured a judgment which is conclusive, so long as it remains in force. Its effect is the same whether the fund be retained by the administrator and paid out by him, or paid by him to the clerk, as was done in *Jones* v. *Jones, supra,* and in the case at bar. The term "final settlement" comprehends a payment of the balance so as to leave nothing to be done to complete the trust. *Dufour* v. *Dufour* (1867), 28 Ind. 421. When the case last cited was decided, there was no statute authorizing the payment of moneys into court for distribution, as there is at present. §2557 Burns 1901, Acts 1883, p. 151. The order of distribution is, however, as much a part of the final settlement, where the fund is in the hands of the clerk, as where it is retained by the administrator. In either event the judgment is conclusive against collateral attack and a bar to recovery of a distributive share by an heir omitted therefrom. *Carver* v. *Lewis* (1886), 105 Ind. 44.

No substantial basis for the finding and judgment of the court is given. "The hearing of claims to the surplus of an

estate is usually very summary and informal." *Jones v. Jones, supra.* It was clearly enough proved—admitted indeed—that appellees had no legal claim to the surplus, and that the statements relative thereto contained in the verified final report were unwarranted. Whether the administrator divided the money between himself and Devar, or procured such division to be made by the clerk, is immaterial. The conversion is equally complete in either event, and for it he is in either event equally responsible.

Judgment reversed, and cause remanded, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent herewith.

### On Petition for Rehearing.

Roby, C. J.—An administrator is a person appointed to manage and distribute the estate of an intestate, or of a decedent who has no executor. 1 Bouvier's Law Dict., title "Administrator." The administrator must distribute the residue of the estate among those entitled to it under the direction of the court and according to law. Administration of estates implies such a complete disposition of them as not only to collect assets from the debtors, but to place them in the hands of the creditor, legatee, or distributee to whom, after undergoing the process of administration, they finally belong. *Walton v. Walton* (1864), 4 Abb. Dec. 512, 518; *Martin v. Ellerbe* (1881), 70 Ala. 326; 1 Bouvier's Law Dict., *supra.*

"In the sense of the statute, and in the sense in which the terms are generally used, the distribution of an estate has reference to the personal property and money arising from the sale of real estate by the administrator, among the heirs, after the payment of the debts and legacies." *Beard v. Lofton* (1885), 102 Ind. 408, 412; *Dufour v. Dufour* (1867), 28 Ind. 421.

"The filing of his final account by Stewart conferred upon the Montgomery Circuit Court jurisdiction to hear

and determine all matters pertaining or incidental to the final settlement of the estate.  *  *  *  No subsequent petition or pleading was necessary to give the court jurisdiction of the matter of the distribution of the surplus. The jurisdiction over that subject resulted as an incident to the final settlement, and the hearing of claims to the surplus of an estate is usually a very summary and informal proceeding." *Jones* v. *Jones* (1888), 115 Ind. 504.

The statements contained in the report were therefore germane to the final settlement as made by the administrator, for the advisement of the court and relative to the matter involved in the administration of the estate and the final settlement.  Whether the fund for distribution was paid to the clerk or distributed by the administrator, or is still in the possession of the administrator, is, so far as the integrity of the order for distribution is concerned, entirely immaterial.  The statute authorizing the payment of money due to the clerk was enacted for the convenience and security of the administrator, and he cannot, by virtue of its provisions, relieve himself from the obligation imposed by the acceptance of his trust.

The foregoing propositions dispose of the points made for rehearing, and the petition is overruled.