## FOX ET AL. *v.* RHODES.

[No. 6,636.   Filed April 27, 1909.]

1. APPEAL.— *Sufficiency of Complaint.— Demurrer.— Form of.—* Where a judgment was rendered for defendant on demurrers to the complaint and cross-complaints, against him, the sufficiency of such complaint and cross-complaints will determine the disposition of the case on appeal, regardless of the form of the demurrers.   p. 576.

2. DECEDENTS' ESTATES.— *Final Settlement.— Want of Notice.— Judgment.—Effect.—Administrators.—*The final settlement and discharge of an administrator, without giving a proper notice thereof, is, as to heirs or creditors not appearing, ineffectual for any purpose.   p. 576.

3. EXECUTORS AND ADMINISTRATORS.—*Trust Funds.—Application of.* —Trust funds coming into the possession of an administrator

must be applied as the law provides, and no *ex parte* order of the court can deprive those legally entitled of their rights to such funds. p. 577.

4. PLEADING.—*Complaint.—Setting Aside Final Report of Administrator.—Recovery of Trust Funds.*—A complaint alleging that the defendant was an administrator and had collected as a trust fund a certain sum, that he had, without notice, made a final settlement which had been approved, and that he had never paid to the court or to the legal heirs the money due to them, but had retained it, states a cause of action, such settlement constituting no defense. p. 577.

From Probate Court of Marion County; *Merle N. A. Walker,* Judge.

Action by Frank Fox against John M. Rhodes and others. From a judgment for defendant Rhodes, plaintiff and others appeal. *Reversed.*

*Theop. J. Moll,* for appellants.

RABB, J.—This action was originally instituted in the court below by appellant Frank Fox, making parties defendant the appellee, Rhodes, and the appellants Clarence and Florence Fox.

The substantial averments of the complaint are that the wife of appellant Frank Fox, the mother of Clarence and Florence Fox, was killed in a railway accident. Appellee Rhodes was appointed administrator of her estate for the purpose of instituting suit against the railroad company to recover damages for her death, which was claimed to have been occasioned by the negligence of the railroad company. After the appointment of appellee as such administrator, suit was duly instituted by him against the railroad company, and while the same was pending a compromise was entered into by the appellee with the railroad company, which compromise had the approval of the court, and no question is made concerning its fairness and validity. By the terms of the compromise appellee Rhodes received from the railroad company, in settlement of said action, the sum of

$1,800. The order authorizing the compromise to be made by said administrator directed that, of the money received from the railroad company, the administrator, after paying the funeral expenses of the deceased, should pay into court the sum of $250, and that the residue of said sum so received, after the payment of the cost and expenses of administration, should be paid to the appellant Frank Fox, and that of the $250 paid into court, one-third of the same was to be paid to each of the appellants. After the compromise was made and the money received, said administrator paid into court the $250, as provided in the order, and paid the costs and expenses of administration, and made a pretended final settlement of said trust, which was approved by the court, but no notice was given of such final settlement, and but $190 of the $1,800 was ever in fact paid by said appellee to appellant Frank Fox, and there is due and owing to the said appellant the sum of $1,360. Judgment is demanded against appellee, and appellant asks that said final report of the administrator be set aside, that he be required to give an additional bond, and to account for all moneys he has received as such administrator.

Appellants Clarence and Florence Fox each appeared, and by leave of court filed cross-complaints in said action, in which they set up the same facts that were averred in the complaint, and upon those facts demanded judgment against the administrator for the sum of $600, each claiming one-third of the amount received in the compromise from the railroad company. To each of these complaints and cross-complaints appellee filed a demurrer, which reads as follows: "Now comes the defendant and demurs to the amended complaint of Frank Fox herein, for the reason that such amended complaint does not state facts sufficient to constitute a cause for the reopening of the estate of Florence Fox, deceased, or the setting aside of the final settlement of the administrator of said estate."

Appellee's demurrers to the complaint and to each of the cross-complaints were sustained, and exceptions reserved, and these present the only questions raised by the record.

We are not favored with a brief in behalf of appellee, and are not advised of the theory upon which the judgment of the court below proceeded, but presume it was upon the ground that the complaint affirmatively showed that a final settlement had been made in the court below by the appellee, as administrator of the estate of Florence Fox, deceased, and that he had been discharged from his liability as such administrator, and therefore this action would not lie against him until such final settlement was set aside.

Objection is taken to the form of the demurrer to the complaint and to the cross-complaints. The criticism is made that the demurrer is not so worded as prop-

1. erly to present the question as to the sufficiency of the complaints. The demurrer is informal, but it is unimportant whether it was in sufficient form or not, inasmuch as the judgment of the court below would be sustained if the complaints do not state facts sufficient to constitute a cause of action in behalf of the appellants.

Each of the appellants by the pleadings affirmatively shows that no notice was given of the final settlement alleged to have been made by the appellee as adminis-

2. trator of the estate of Florence Fox, and it is affirmatively shown that appellants Clarence and Florence Fox were each, at the time, under the age of twenty-one years. An order of court discharging an administrator upon a settlement made by him without giving notice, as required by the statute, is of no force and effect, and does not constitute an adjudication of any right of heirs or creditors not appearing at the final settlement.

The appellee was appointed, as appears from the averments of the complaint, as administrator of his intestate,

for a special purpose, and all the assets which came
3. into his hands as such administrator arose from the
claim which he had against the railroad company,
arising from its negligently causing the death of his intestate. This fund was held by him for a special purpose, and
could be applied to no other. An *ex parte* order of the court
could not deprive the heirs of the deceased of their
rights in this fund, and we think that, upon its being shown
that the administrator received the funds, he held one-third
of them for the use and benefit of each one of the appellants,
and as the complaint affirmatively showed that he had not
properly distributed the funds to the appellants, a good cause
of action was stated in the complaint and cross-com-
4. plaints against him, and that it does not appear by
the averments thereof that he was protected from
the appellants' actions by the alleged final settlement therein
averred to have been made to the court. ·

The facts averred in the complaint and in each cross-complaint entitled the parties to have the approval of the final
account and the order discharging the appellee as administrator of the estate set aside. *Mefford* v. *Lamkin* (1906),
38 Ind. App. 33; *State, ex rel.,* v. *Burkam* (1899), 23 Ind.
App. 271; *Glessner* v. *Clark* (1895), 140 Ind. 427; *State,
ex rel.,* v. *Stockwell* (1903), 28 Ind. App. 530. The demurrers to the complaint of appellant Frank Fox and to the
cross-complaints of each of the coäppellants should have
been overruled, and the appellee required to answer.

Judgment reversed, with direction to the court below to
overrule the demurrers to the complaint and to the cross-complaints of each appellant.