## FLETCHER *v.* NICHOLSON, ADMINISTRATOR.

[No. 6,698.    Filed February 18, 1910.]

1. DECEDENTS' ESTATES.—*Failure to Make Final Settlement of.*— *Effect.*—An estate in which no final settlement has been made, must be considered as pending until the completion of the business and the discharge of the administrator.  p. 376.
2. EXECUTORS AND ADMINISTRATORS.—*Report.*—*Discharge.*—In the absence of any record of final settlement, an administrator may be required by the court to make a report.  p. 376.
3. DECEDENTS' ESTATES. — *Settlement.* — *Distribution.* — *Administrators.*—*Interest.*—*Special Findings.*—Where the special findings, in an action by an heir against the administrator for his distributive share of the estate in question, show the amount of such share, that it was not paid to such heir or to anyone authorized to receive it, and that such heir was responsible for the delay in payment, such heir should recover his share without interest.  p. 377.
4. DECEDENTS' ESTATES. — *Desperate Claims.* — *Liability for.* — *Laches.*—Where an administrator reports certain claims on behalf of his decedent as desperate, an heir cannot hold him liable therefor in an action filed thirty-seven years thereafter.  p. 377.

From Henry Circuit Court; *Ed Jackson,* Judge.

Final report of Josiah P. Nicholson, as administrator of the estate of James W. Fletcher, deceased, to which Thomas Fletcher excepts.  From a judgment against the exceptor, he appeals.  *Reversed.*

*William O. Barnard* and *William E. Jeffrey,* for appellant.

*Horace G. Yergin, Paul Brown* and *William A. Brown,* for appellee.

ROBY, J.—The issues in this case are made by appellant's exceptions to the "second final settlement" of Joseph P. Nicholson, as administrator of the estate of James W. Fletcher, deceased.  The court made special findings and stated conclusions of law thereon.  It appears from the findings that the decedent departed life in March, 1870, and that appellee was duly appointed administrator on March

19, 1870; that he qualified and entered upon the discharge of his duties, filed his inventory, and on July 4, 1872, filed a partial report, and in August, 1873, a second partial report; that prior to March 7, 1879, "he made a final settlement of said estate, and paid $8 to the clerk of the Henry Circuit Court for filing and making a complete record of said final settlement, but that it does not appear upon the record, and has either been lost or destroyed;" that the "second final report" was made in obedience to a citation issued February 4, 1907; that the heirs of the decedent were his four brothers, of whom appellant was one; that his claim is that he is now entitled to recover his distributive share of said estate, and that certain notes for which credit is asked, as being desperate, were collectible and should be accounted for; that the appellant left Henry county in 1857; that he never communicated with any members of his family after that time; that he made no effort to learn of his brother's death; that the administrator advertised for him in Indianapolis, Cincinnati, and local newspapers, without result; that he returned to Indiana in 1905, and asked a citation against appellee in 1907. It thus appears that it took appellant thirty-seven years to learn of his brother's death. Solicitude which is so long in coming to existence, and which at last concerns itself with a distributive share of an estate, already once paid to a member of the family, naturally fails to arouse much enthusiasm on the part of bystanders. The

1. facts found do not show a final settlement of the estate. It must be regarded as still pending until the ultimate completion of the business and the discharge of the administrator by the court. *Dufour* v. *Dufour* (1867), 28 Ind. 421; *Parsons* v. *Milford* (1879), 67 Ind. 489; *Beedle* v. *State, ex rel.* (1878), 62 Ind. 26.

2. There is no finding that the administrator was ever discharged, and, in the absence of a record to that effect, the court had authority to require a report as it did. *Mefford* v. *Lamkin* (1906), 38 Ind. App. 33.

This report shows appellant's distributive share to be $375. The finding is that this sum was not paid to him or to any person authorized to receive it for him.

3. The findings show that appellant is himself responsible for the delay. He is not therefore entitled to interest. The administrator has not "improperly kept the beneficiary out of the use of his money." *Dufour* v. *Dufour, supra.*

The findings also contain facts from which it is contended that the court should have found against the appellee as to his failure to realize on the certain specified notes.

4. After thirty-seven years, the difficulty of determining a disputed claim of insolvency, of the nature here presented, is very great. The element of uncertainty thus voluntarily introduced into the case by appellant justifies the conclusion of the court on that issue.

The judgment is reversed and the cause remanded, with instructions to restate conclusions of law in appellant's favor for $375.