HENDERSON ET AL. v. STATE OF INDIANA, EX REL.
POWERS-THOMPSON CONSTRUCTION COMPANY.

[No. 24,554.    Filed December 17, 1926.] ·

1. PARTIES.—*Defect of parties not questioned by demurrer for want of facts.*—A demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action against the defendants does not present any question as to defect of parties. p. 610.

2. PARTIES.—*Requisites of demurrer for defect of parties.*—A demurrer for defect of parties must recite that there is a defect of parties and give the names of the parties that should be joined, stating whether as plaintiffs or defendants. p. 610. .

3. MANDAMUS.—*Complaint held sufficient to mandate city officials to pay a judgment under statute.*—A complaint against certain named individuals alleging that they were the mayor, clerk and treasurer and members of the council respectively of a certain city, and that it was their duty to pay a judgment against the city in favor of the relator but that they had refused to do so and had refused to levy a tax with which to pay it, sufficiently showed that the defendants were sued as officers of the city to mandate the payment of the judgment pursuant to §10335 Burns 1926, and not to enforce a personal liability.    p. 610.

4. PLEADING.—*Objection to complaint that it showed that action was prematurely brought waived when not suggested in memorandum accompanying demurrer.*—An objection to a complaint that it showed on its face that the action was prematurely brought was waived where it was not suggested in the memorandum accompanying the demurrer as required by the last clause of §362 Burns 1926.    p. 611.

5. MANDAMUS.—*Complaint held to show judgment in favor of relators against a city within meaning of statute authorizing*

*mandate to compel its payment.*—A complaint alleging that relator was a contractor for the construction of a street improvement which was accepted by the city and assessments levied against the abutting property, that a property owner took an appeal from his assessment and the amount thereof was reduced a certain sum, that the amount of the reduction "was entered as a judgment against the city" sufficiently showed that relator had a judgment against the city within the meaning of the statute authorizing an action of mandate against the city officers to compel its payment (§10335 Burns 1926). p. 611.

6. APPEAL.—Sustaining a demurrer to a paragraph of answer was harmless error where the defense pleaded therein could be fully made out by evidence admissible under another paragraph. p. 612.

7. MANDAMUS.—*Paragraph of answer in action to mandate payment of judgment against a city held insufficient.*—In an action of mandate to compel city officials to pay a judgment against the city on appeal from a street improvement assessment, a paragraph of answer alleging that separate appeals by two property owners were consolidated "for trial and determination," and judgment entered in the consolidated case, over objection by the city, did not show that the court was without jurisdiction and hence was insufficient. p. 613.

8. JUDGMENT.—*Erroneous decision of court with jurisdiction is binding on parties until reversed or set aside.*—Where the court has jurisdiction, a judgment rendered by it is binding on the parties until reversed or set aside, although erroneous. p. 613.

9. APPEAL.—*Recital of evidence in appellant's brief held insufficient to present question based on evidence omitted therefrom.* —A recital of the evidence in appellant's brief pursuant to cl. 5, Rule 22 of the Supreme Court which omits a material portion thereof is not sufficient to present any question based on evidence in the transcript which is not set out in the recital. p. 614.

From Lake Superior Court; *Maurice E. Crites,* Judge.

Action of mandate on the relation of the Powers-Thompson Construction Company against S. H. Henderson and others as officers of the city of Hobart. From a judgment for relator, the defendants appeal. *Affirmed.*

*E. E. Pierson,* for appellants.

*Greenlee, Call & Richardson,* for appellee.

EWBANK, J.—This was an action of mandamus by the appellee relator against the mayor, clerk and treasurer, and members of the common council of the city of Hobart to compel the payment of a judgment entered by the superior court against the city upon sustaining an appeal from certain assessments for street improvements. Overruling the demurrer to the complaint, sustaining demurrers to each of the second and fourth paragraphs of answer and overruling the motion for a new trial are assigned as errors.

The demurrer to the complaint was only for the alleged reason that it does not state facts sufficient to constitute a cause of action against the defendants 1, 2. or to entitle plaintiff to mandatory relief. A demurrer for this reason does not present any question as to a defect of parties. *Boseker* v. *Chamberlain* (1903), 160 Ind. 114, 118, 66 N. E. 448; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 368, 108 N. E. 525. A demurrer for defect of parties, to be sufficient, must recite that there is a defect of parties (§362, cl. 4, Burns 1926, §339 R. S. 1881), and give the name or names of the parties who should be joined, stating whether as plaintiffs or defendants. *Boseker* v. *Chamberlain, supra,* p. 117; *Darrow* v. *Chicago, etc., R. Co.* (1907), 169 Ind. 99, 81 N. E. 1081.

It was alleged in the complaint that the defendant Henderson was the mayor of the city of Hobart, that the defendant McClaren was the clerk and treasurer, and the defendants Vincent, Walters, Hawke, McPherson, Brahst and Livingston were 3. members of and constituted the common council of said city, a municipal corporation duly organized under the laws of the State of Indiana and being a city of fifth class, and that, under circumstances alleged and relied

on as making it their duty to pay a certain judgment against the city in favor of the relator, with interest and costs, out of the general funds of the city, they had refused to do so, and had failed and refused to levy a tax from which to pay it, although frequently requested so to do. These alleged facts sufficiently showed that the defendants were sued pursuant to the provisions of the statute to compel action on their part as officers of the municipal corporation, and not merely to enforce a personal liability. §10335 Burns 1926, §1, Acts 1909 p. 312.

Appellants say the complaint showed on its face that the action was prematurely brought. But whether or not it was subject to that objection, no such ob-

4. jection was suggested by the memoranda filed with the demurrer, and it was therefore waived. §362, cl. 6, Burns 1926, §2, Acts 1911 p. 415.

The complaint further alleged, in substance, that a street improvement constructed under contract with the defendant municipality was accepted by it and

5. assessments were levied upon the abutting property for the cost, that a property owner took an appeal from his assessment, in which the relator in this action intervened, and that upon a hearing the assessment against such property owner was reduced in an amount stated, "and the amount of the reduction thereof in the sum of $10,134 was entered as a judgment against * * * the city of Hobart * * * and in favor of this relator," and that the city and its officers had refused to pay the judgment and refused to levy a tax for its payment, although requested so to do. We think this sufficiently brought the case within the provisions of the statute that "the common council and mayor may be compelled by mandamus proceedings to levy, collect and appropriate the necessary sum for the payment of any judgment" (§10335 Burns 1926, §1, Acts 1909 p.

312, 314) to make it good as against a demurrer which challenged its sufficiency for alleged failure to disclose that a judgment had been rendered in favor of relators which entitled them to mandatory relief.

Appellants filed an answer in four paragraphs. The first paragraph was a general denial and the third was a verified denial that there is any "such judgment * * * or such record as is sued on in appellant's complaint." The issues joined upon these answers were tried by the court and a finding was made and judgment rendered in favor of the plaintiff, but demurrers were sustained to the second and fourth paragraphs of the answer, and appellant insists that sustaining the demurrer to the second paragraph was error. The second paragraph admitted that relator constructed the street improvement in question under a contract with the municipality and to its entire satisfaction, and that the work was accepted. But it alleged facts as to the manner in which and the time when the benefits were originally assessed, and how and when a supplementary assessment of benefits was made and an appeal taken therefrom to the circuit court, together with the alleged fact that the judgment sought to be enforced by mandamus was rendered in that appeal, which, if they stated any cause of defense at all, stated it only on the ground that no valid judgment against the city had been rendered. There was no attempt to charge fraud, or to set up any defense except on the ground as stated. The facts pleaded in this paragraph, so far (if at all) as they tended to show that the court did not render a valid judgment against the city in an appeal, of which it had jurisdiction, from the levy of assessments for street improvements, were all admissible under the issues joined on the third paragraph of answer, upon which the cause was tried. And the error, if any, in sustaining a demurrer to a paragraph

of answer which set up a cause of defense that could be fully made out by evidence admissible under another paragraph of answer on which the cause was tried, is not sufficient reason for reversing the judgment. *Washington Hotel Realty Co.* v. *Bedford Stone, etc., Co.* (1924), 195 Ind. 128, 136, 137, 143 N. E. 156.

The substance of the fourth paragraph of the answer is that two different property owners took separate appeals to the circuit court from the assessments levied against their respective lands for street improvements in the same proceeding, that the contractor who built the improvements, being the relator in this action, was permitted to intervene, and after a special judge had been appointed by agreement and had qualified, the two appeals were consolidated "for trial and determination," over an objection and exception by the city of Hobart, and that thereafter, the judgment sought to be enforced by mandamus was entered in the consolidated case. But these averments, even if sufficient to show that the court by which the judgment was rendered proceeded irregularly and erroneously (as to which we decide nothing), do not amount to a showing that it was without jurisdiction. And jurisdiction gives the court power to make a decision which is as binding on the parties, unless and until appealed from and reversed, or otherwise set aside, if it be erroneous as if no error had been committed. Moreover, the fourth paragraph merely undertook to plead facts relied on as showing that the judgment of the circuit court sought to be enforced by mandamus was invalid and void, and any facts tending to support that contention would be admissible under the third paragraph of the answer. Sustaining the demurrer to the fourth paragraph of answer is not cause for reversing the judgment.

Appellants insist that the decision is not sustained by

sufficient evidence. A stipulation covering twenty-two typewritten pages of the transcript and purport-

9. ing to recite the contents of petitions, ordinances, notices of appeal, order-book entries and other instruments of writing, together with many other facts, is certified to have been all the evidence given in the cause. But, in setting out in their brief what purports to be a recital of this evidence in narrative form, appellants have recited only facts which fill a single page of their brief, not including any portion of the contents of any written instrument nor any of the matters on which an argument to the effect that the evidence was insufficient, because of a variance, is sought to be based. Such a statement of the evidence in narrative form is not sufficient to present for decision any questions arising or supposed to arise upon evidence in the transcript which is not set out in the narrative. Rule 22, cl. 5.

A careful reading of the recital in narrative form of the evidence as contained in appellants' brief does not disclose that there was a variance, or that the evidence was insufficient in any particular to sustain the finding.

The judgment is affirmed.