## BECKELHIMER ET AL. *v.* BABCOCK ET AL.

[No. 13,257. Filed January 25, 1929.]

*Agnes Molter* and *Fraser & Isham,* for appellants.
*Barce & Barce* and *T. B. Cunningham,* for appellees.

NICHOLS, J.—White S. Harbison and appellants, with others, executed to the State of Indiana an indemnifying bond to secure the state against loss arising from the deposit by it of money in the Discount and Deposit State Bank of Kentland. In August, 1923, this bank failed at a time when there was a large amount of state funds therein. A portion of this deposit was repaid to the state by certain dividends arising from the liquidation of the bank's assets.

After said bank failed, a suit was instituted by the state on said bond to recover the unpaid portion of the state deposit in said bank, which suit was against all the obligors on the bond, including Harbison. On December 28, 1923, said Harbison, appellants say, conveyed in fraud of his creditors, including the State of Indiana, and without any consideration therefor, all of his real estate, of the value of $10,000, to his wife, Ruby A. Harbison.

After the commencement of the action on the bond, White S. Harbison died, not leaving any property subject to execution with which to pay his debts, including his liability on said bond to the state. During the pendency of said suit, and to avoid penalty and costs, appellants, and the others mentioned above, paid to the state on account of the liability of all of said obligors, on September 30, 1926, the balance due to the state on its said deposit in the sum of $30,085.36.

Neither Harbison in his life time, nor his heirs, repre-

sentatives or assigns after his death, paid anything on said liability.

Ruby A. Harbison took and held said real estate so conveyed and transferred to her by her husband, and such property constituted her estate, which, by her will, after the payment of her debts and legacies, she devised and bequeathed absolutely to her brother,. appellee Babcock.

Her will was duly admitted to probate in the Newton Circuit Court on August 21, 1926, the testatrix having died shortly before this date, and, on the same date, appellee Babcock was appointed executor. The will was probated more than a month before appellants made their payment to the state of $30,085.36.

On October 11, 1927, and more than one year after the taking out of letters and the giving of due notice thereof, said executor filed his final report in said estate, and said report was set for hearing on November 5, 1927. Notice of the hearing thereof was duly published.

In said report said executor charged himself with a total of $8,378.82, reported the payment of all debts, including funeral expenses and expenses of last illness, and costs of administration, the payment of $500 to the Methodist Church at Kentland, of $500 to the cemetery association, the erection of a monument to a half brother, all as directed in the will, and reported the turning over to appellee Babcock, residuary legatee, of $6,015.38. Said final report mentioned briefly certain real estate belonging to the testatrix, which had been devised under said will to the said Babcock. It was not necessary to sell any of said real estate to create assets to pay debts, for there was ample personal property to pay and discharge all debts, liabilities and costs, and to discharge the bequests and legacies named in the will, and the title to such land as held by Ruby Harbison passed directly to the devisee, appellee Babcock.

On November 4, 1927, and one day prior to the day set for the hearing of said final report, appellants filed their exceptions and objections to the same, setting up, in addition to the facts above concerning said bond and their payment of $30,085.36 in discharge thereof, that on December 28, 1923, Harbison conveyed to said Ruby A. Harbison, his wife, appellee's decedent, the real estate mentioned above, described and set forth in said exceptions, of the probable value of $10,000; that at the time he had no other property subject to execution; that said conveyance was made with the intention to cheat, hinder and delay his creditors and to defraud his said cosureties, and said intent was known at the time to her; that each of said cosureties have claims as cosureties in the several amounts paid by them, against the estate and the real and personal property of the decedent, White S. Harbison; that said widow, by her last will, undertook to dispose of the property of White S. Harbison, and, by reason of these facts, appellants each except to the final report of the executor of the estate of said Ruby A. Harbison, and they lay claim as against her purported will to all and singular the real and personal property taken by her, as they aver, in fraud of the creditors of White S. Harbison.

On motion of appellee, these exceptions and those filed later were stricken out, the final report was approved and the executor discharged.. These rulings of the court are assigned as error.

From the foregoing, it appears that letters testamentary were issued to appellee Babcock as executor of Ruby A. Harbison, deceased, on August 21, 1926, and that due notice was given of his appointment as such executor; that he filed his final report as such executor on October 11, 1927, or more than one year after his appointment as such, by which report it appears that he had made full and final settlement of the estate. November 5, 1927,

was fixed as the date for hearing the report and due notice thereof was given. On November 4, 1927, or the day before the day fixed for the hearing of such report appellants filed their exceptions thereto, and later filed additional exceptions. By these exceptions, there was no objection whatever to any matter or item contained in the report, but a claim that White S. Harbison and appellants, with others, had signed a certain bond to the State of Indiana, that appellants with others had been compelled to pay, by reason of such bond, $30,085.36, of which sum Harbison paid no part but fraudulently conveyed his property to his wife, Ruby, to avoid making such payment; that such property so conveyed was a part of her estate, and as such was devised and bequeathed to appellee Babcock as her residuary devisee and legatee. It does not appear that any claim for contribution was ever presented against White S. Harbison, he having died before the payment on the bond was made, or that any claim was ever filed against the estate of Ruby A. Harbison, or that any steps whatever were ever taken to set aside the conveyance alleged to have been fraudulently made to the wife, and to make the real estate so conveyed subject to appellants' claim for contribution.

We do not need to pass upon the question as to whether it would have been necessary to have an administrator appointed for the estate of White S. Harbison, to file claims against the same for contribution, and, in the event of the allowance of such claims and of the insufficiency of the personal estate to pay the same, then to institute action to set aside the conveyance. It is sufficient for us to say that no claim of any kind or character was filed against the estate of Ruby A. Harbison, deceased, within the year after the appointment, and within thirty days before the report in final settlement was filed; such claim if any

they had, cannot now be presented in the form of exceptions to the final report. Appellants having failed to file their claim against the estate of the deceased, and the time having passed within which the same could be filed and presented, they cannot present the same now by exceptions to the final report. Claims against an estate cannot be enforced except in the manner provided by the statute. §3152 Burns 1926; *Price* v. *Engle* (1922), 77 Ind. App. 439, 133 N. E. 755; *Barnum* v. *Rallihan* (1916), 63 Ind. App. 349, 364, 112 N. E. 561; *Doddridge, Exr.,* v. *Doddridge* (1900), 24 Ind. App. 60, 62, 56 N. E. 112; *Tilson* v. *Hoosier, etc., Fruit Co.* (1909), 43 Ind. App. 684, 687, 88 N. E. 524.

Having reached this conclusion, we do not need to consider other questions presented.

Judgment affirmed.