McCULLOUGH ET AL. *v.* KAUFMAN, ADMINISTRATOR.

[No. 14,911.   Filed February 15, 1935.]

*James A. Van Osdol,* and *Montgomery & Montgomery,* for appellants.

*Thomas H. Branaman,* and *Coulter M. Montgomery,* for appellee.

SMITH, C. J.—Arthur S. Kaufman was appointed administrator of the estate of Nathan Kaufman, deceased, on the 10th day of June, 1931. Immediately thereafter (the record does not disclose the date) notice of his appointment was given. On the 23d day of June, 1932, the appellee filed his final report in said estate. Thereafter, on the 6th day of October, 1932, before said report was approved, the appellants filed a claim against the estate of Nathan Kaufman, deceased, in which they allege, in their statement of the claim, that the deceased Nathan Kaufman was cosurety with the appellants on certain bonds given by the Citizens' Bank of Anderson, Indiana, to secure deposits of public funds, and that a liability developed after the death of the said decedent upon said bonds, the exact amount of which had not been determined at the time of the filing of the claim.

On November 11, 1932, appellants filed their written exceptions to the final report, and, on November 12,

1932, the court on appellee's motion struck out appellants' exceptions to said report, and approved the same, and discharged appellee as administrator.

Appellants reserved exceptions to the motion to strike out, and to the approval of the final report, and discharging appellee as administrator.

The ruling upon the motion to strike out the exceptions of appellants and the action of the court in approving the final report of appellee as administrator are the only errors assigned for reversal.

The final report sets up that the appellee as administrator is chargeable upon inventories in the sum of $102,625.18. The administrator then asked credit for sums of money expended in the administration of the estate, including various items in the sum of $5,823.21, leaving a balance for distribution of $96,801.97. He then listed in his final report cash in the sum of $20,996.79, and certain items of personal property at its appraised value, making a total for distribution in the sum of $96,801.97. The final report then shows that the balance for distribution had been paid and delivered to Arthur S. Kaufman as sole and only heir at law of Nathan Kaufman, deceased, for which he filed a receipt showing such distribution. The final report further shows that more than one year has elapsed since the granting of letters of administration, and the publication of notice thereof, and that all debts and liabilities have been paid and the estate fully administered, except a certain claim of National City Company, for which a bond has been filed conditioned for the payment of this claim and costs as provided by law. The final report further shows that the decedent left surviving him a widow and a son, the said Arthur S. Kaufman, which Arthur S. Kaufman is the sole and only heir at law, and entitled to the entire assets of the estate by reason of an ante nuptial agreement be-

tween said decedent in his lifetime, and said Margarette Kaufman, his widow.

The administrator asked that his account be approved, that he be released from his trust, and the estate adjudged fully and finally administered.

On November 11, 1932, the appellants filed their exceptions to appellee's final report in which they set up: (1) That the decedent Nathan Kaufman is liable jointly and directly with these appellants upon certain bonds executed in January, 1931, by the Citizens' Bank, of Anderson, as principal, and by the exceptors and said decedent as sureties for the purpose of securing deposits of public funds in said bank, and that a statement of claim setting up this liability had previously been filed in the office of the clerk of the court against the estate of Nathan Kaufman, and that the same is just, owing, and unpaid, and is still pending; (2) that the estate of Nathan Kaufman, decedent, had not been fully administered and was not ready for final accounting and settlement at the time of filing said report, and that the appellee had knowledge, prior to the filing of his said final report, of the liability of the estate upon the bonds above mentioned, and knew that a claim had not yet been filed, but, notwithstanding this, fraudulently filed said report for the purpose of avoiding such liability; (3) that the estate had not been fully administered and finally settled at the time of filing the report, for the reason that on the 19th day of June, 1931, the court, upon a verified petition of the administrator, directed the administrator to sell at a private sale, for cash, after ten days' notice, certain corporate stocks at their appraised value (which stocks are listed in the petition), and directed said administrator to make a report of the sale within sixty days thereafter; that said administrator has made no report whatever in regard to said sale, either in the final report or otherwise; (4) that the estate had not been fully administered

and finally settled at the time of filing the final report, for the reason that there was certain personal property including shares of corporate stock in the hands of the administrator as shown by the inventory, and that no assignment or distribution of said stock, except certain shares of stock in the Fair Store, had been shown, and no pretended disposition of the same appears, except a receipt by Arthur S. Kaufman, for the amount of the sale of the assets in his hands as shown by the final report; and that he could not, while acting as such administrator, validly sell or assign said corporate stocks to himself.

Upon these exceptions, the appellants asked the court not to approve of the final report.

Appellee filed a written motion to strike out the exceptions, which motion in substance alleged that the claim of the claimants (appellants) was not filed within the time allowed by law; that said claim is not a lawful one pending against said estate, and said claimants have no interest in said estate, and no standing to except to said report.

The claim referred to in the exceptions to the report, the filing of which becomes important in the determination of this matter, sets forth in substance that the appellants and the decedent, Nathan Kaufman, in his lifetime executed certain bonds as surety for the Citizens' Bank of Anderson, Indiana, for the purpose of securing deposits of public funds. It alleges the different bonds that were executed, those upon which the decedent was surety amounting to about $118,000. The claim also alleged that said bank had failed, and was in the process of liquidation, and that liability had accrued against the sureties on said bonds. There was also set out in said statement of claim an agreement whereby each of the appellants and the decedent, Nathan Kaufman, agreed among themselves that their liability upon said bonds in event of loss should be

borne by each in proportion to the number of shares of stock held by them respectively in said bank. An exhibit was filed setting forth the number of shares held by each in which it was set forth that the decedent, Nathan Kaufman, was the owner of 200 thereof.

In determining this case there is one question involved, which in our opinion settles the entire controversy. That question is, Are the appellants creditors of the estate, and, did they file their claim within the time provided by law?

The entire basis of appellants' exceptions to the final report is that they had a valid claim against the estate, and filed the same within time.

Appellants in their exceptions set up four different grounds therefor. The first one is predicated upon the proposition that they had timely filed a claim against the estate, and that the same was just and owing, and was still pending at the time of the filing of their exceptions. The other three are dependent upon the answer to the first. Unless appellants have a valid claim, and have filed the same within the time, they would have no standing to except to the final report.

The statute of this state (sec. 3234, Burns Ann. St. 1926, sec. 6-1401, Burns Ind. St. Ann. 1933, sec. 3200, Baldwin's Ind. St. 1934) provides for the filing of final settlements, and sets out that, after six months from the date of giving notice of his appointment, the administrator *may* with the consent of the court file his final account, and at the end of one year from *the date of his letters*, unless excused therefrom, *shall* file his final account. (Our italics.)

Section 3152, Burns Ann. St. 1926, (sec. 6-1001, Burns 1933, sec. 3119, Baldwin's Ind. St. 1934) provides for the filing of claims against estates.

". . . if such claim be filed after the expiration of six (6) months from the giving of notice by the

executor or administrator of his appointment, it shall be prosecuted solely at the cost of the claimant, and if not filed at least thirty (30) days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of liabilities of heirs, devisees, and legatees."

The record in this case discloses that Nathan Kaufman died on the 10th day of June, 1931, and that notice of the appointment of the administrator was given immediately thereafter; that on June 23, 1932, more than one year from the date of the issuing of letters of administration, appellee filed his final report; that on the 6th day of October, 1932, and before the final report was approved, the appellants filed their said claim against the estate; that on November 11, 1932, appellants filed their written exceptions to the final report of the administrator; and on November 12, 1932, upon appellee's motion, the court struck out the exceptions, and approved the report. The statute clearly provides that, if the claim is not filed at least thirty days "before final settlement of the estate, it shall be barred."

The meaning of the phrase "final settlement of the estate" has been determined by our courts. In volume I, Henry's Probate Law and Practice (third edition) section 259, the author, in speaking of this clause, said:

"This means thirty days before the filing of any final settlement report by the executor or administrator after one year has expired from the time of giving notice of his appointment, and not thirty days before the confirmation of such report by the court."

In the case of *Roberts* v. *Spencer, Executor* (1887), 112 Ind. 81, 84, 13 N. E. 127, the Supreme Court of our state said:

"The pendency of a single claim may involve the solvency or insolvency of the estate, and arrest any further payment by the administrator of claims against the estate; hence the provision of the statute requiring claims to be filed at least thirty days before final settlement. *This means thirty days before the filing of any final settlement by the ex-*

*ecutor or administrator,* after one year has expired from the time of giving notice of his appointment, and not thirty days before the confirmation of such report by the court." (Our italics.)

See also *Roberts* v. *Spencer, Executor* (1887), 112 Ind. 85, 89, 13 N. E. 129; *Schrichte* v. *Stites' Estate* (1891), 127 Ind. 472, 473, 26 N. E. 77, 1009; *Ashley, Admr.* v. *Canida, Admx.,* (1934), 99 Ind. App. 313, 192 N. E. 317.

In the Schrichte Case, *supra,* the court said:

"As the appellant had no interest in the estate as creditor, or otherwise, he could not object to the charges made by the administrator on account of services rendered by himself and his counsel."

Since appellants did not file their claim thirty days before final settlement, which means thirty days before the filing of the final report as provided by the statute, they have no standing as a creditor of the estate, and their claim is barred; and, they having no such standing as a creditor, it follows, therefore, that they could not legally file exceptions to the final report. As was said in the Schrichte case, *supra,* they had no interest in the estate as a creditor; hence, they could not be heard to object to the approval of the final report.

However, upon the first assignment of error, the sustaining of the motion to strike out their exceptions, appellants insist that the court could not summarily dispose of the exceptions upon a motion to strike out the same, and cite some authorities, among them the case of *Guthrie* v. *Howland et al.* (1905), 164 Ind. 214, 73 N. E. 259, wherein the court sustained the motion to strike out a complaint which the Supreme Court said was sufficient to state a cause of action. This is not in point in the instant case, for here the appellants have no legal right to file their claim, and the question is not whether the claim is sufficient according to the facts, but whether they have

any right to file the same. Upon this question, we cite the following authorities: *Roberts* v. *Spencer, Executor* (1887), 112 Ind. 81, 13 N. E. 127; *Wilson* v. *Tevis et al.* (1916), 184 Ind. 712, 111 N. E. 181; *Beckelhimer et al.* v. *Babcock et al.* (1929), 88 Ind. App. 493, 164 N. E. 635.

Under the authorities cited, we hold that the motion to strike out was a proper remedy, and was properly sustained. It follows that the court did not err in striking out the exceptions to the final report, nor in approving the same.

Judgment affirmed.