HEITMAN, RECEIVER v. SCALES ET AL.

[No. 16,657. Filed January 22, 1942. Rehearing denied March 5, 1942. Transfer denied April 6, 1942.]

*Sheehan & Lyddick, John W. Lyddick* and *Alex C. Pendleton,* all of Gary, for appellant.

*William S. Hatfield* and *Evans L. Chapple,* both of Boonville and *Lutz, Johnson & Lutz,* of Indianapolis, for appellees.

BEDWELL, P. J.—The appellant, Elmer W. Heitman, receiver of First National Bank of Gary, Indiana, instituted this action in the Warrick Circuit Court against the appellees, a part of whom were the executors and all of whom were the legatees under the last will

and testament of Travis D. Scales, deceased. The purpose of the action was to set aside the final settlement of the estate of Scales under the provisions of § 6-1424 Burns' 1933, which is as follows:

"When final settlement of an estate shall have been made, and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside, and the estate reopened, by filing in the court in which the settlement was made, within three [3] years from the date of such settlement, his petition, particularly setting forth the illegality, fraud or mistake in such settlement, or in the prior proceedings in the administration of the estate, affecting him adversely. The executor or administrator of the estate, and any of the creditors, heirs, devisees or legatees of the decedent adversely interested in the matters alleged in such petition shall be made defendants thereto, and shall be entitled to such notice of the pendency thereof as is required to be given under the Code of Civil Procedure to defendants in ordinary actions. If any person interested in an estate shall, at the time of the final settlement thereof, be under legal disabilities, he may file such petition within three [3] years from the time of the removal or cessation of such disability."

The trial court sustained a demurrer to an amended complaint filed by appellant and he refused to plead further but permitted a judgment for costs to be rendered against him, from which he appeals and assigns as error the action of the trial court in sustaining such demurrer.

Appellant's suit was begun in the Warrick Circuit Court on May 10, 1939. We shall not attempt to set forth in full the allegations of the amended complaint. The following facts pertinent for a determination of the validity of the court's action were shown therein:

That the plaintiff is the duly qualified and acting receiver of the First National Bank of Gary, Lake County, Indiana; that Travis D. Scales died testate on or about November 11, 1936, and at his death was indebted to the receivership of such bank; that the defendants Welby Earl Scales and Margaret E. Howard were the duly appointed and acting executors of the estate of Travis D. Scales, and the defendants Jane Roth, Lutie Esmeier, Welby Earl Scales, and Margaret E. Howard are the legatees under his will. That such executors were appointed executors of such estate by the court and as such entered upon the discharge of their duties a short time after the death of said Travis D. Scales; that on or about March 7, 1938, such executors filed a final report which was endorsed by the clerk for hearing on April 9, 1938, and was submitted to the court for approval on April 29, 1938, but was by the court disapproved; that thereafter on the 25th day of June, 1938, a supplemental final report was by the executors filed and on said day submitted to the court for approval, and that the court did on such day enter an order approving such supplemental final report, closing the estate and discharging the executors. That neither the plaintiff nor any one representing the receivership appeared at such hearing on final settlement; nor was any representative of the receivership summoned to attend either of such hearings, nor did any representative of such receivership have personal notice or knowledge of the filing of either of such reports, or of any of the hearings or orders thereon; that neither the present receiver, nor any of the predecessor receivers of the First National Bank of Gary, had any knowledge of the death of Travis D. Scales or the pendency of proceedings for the settlement of his estate until on or about the 23rd day of January, 1939. That for a

long time prior to the death of Travis D. Scales, he was indebted to the receivership of the First National Bank of Gary because of an assessment made against him as a stockholder thereof by the Comptroller of the Currency; that he acknowledged such indebtedness and made payments thereon, and during his lifetime he agreed to pay the same in full; that such payments were made by him personally or by his attorney who is also the attorney for the defendant estate; that by the terms of his last will the decedent directed his executors to pay all of his just debts. That the legatees of said will who were named as executors have received approximately $35,000, and the other legatees, who are also named as defendants, the sum of approximately $20,000, as beneficiaries under such will; that during the pendency of administration on such estate, the executors and their legal representatives knew of plaintiff's claim and knew that the plaintiff and his predecessors had no knowledge or notice that there was an administration on such estate pending.

The complaint contains many allegations that are legal conclusions, but from the allegations thereof we gather that the claimed "fraud, mistake and illegality," upon which the appellant relies as a basis for setting aside the final settlement of the estate, are the following facts:

That the final report and the supplemental report were not verified and that no proper affidavit was attached thereto; that there was never any publication of notice of any kind of settlement of the estate; that there was never any final distribution of the assets of the estate, but that certain certificates of stock are in the possession of the attorney for the estate; that no order was made showing publication of notice of the issuance of letters to the executors and proof thereof;

that there was no order showing the filing of executors' final report and fixing the date of hearing of final settlement thereon; and that there was no proof of service of notice of the final hearing thereon; that the supplemental final report that was filed on June 25, 1938, stated that "all liabilities of said estate have been paid," when the executors then and there knew that there was an outstanding obligation and liability of said estate then due and owing to the then receiver of the First National Bank of Gary, for the sum of approximately $7,000; that the approval of the supplemental final report by the court below was illegal for the reason that no time had been fixed for the hearing of such supplemental final report and no notice of such hearing given. The prayer to the complaint was that the purported final settlement and supplemental final report, and the adjudications and orders thereon, be set aside and vacated and that the estate be declared open and pending, and that the petitioner be permitted to file and have acted upon in said estate his claim which was attached to his petition, and that the defendants be ordered to recognize said claim and to administer thereon.

The appellees by their memorandum to the demurrer specified that this amended complaint was insufficient in the following particulars, namely: (1) That it failed to show that the plaintiff had such an interest in the estate which would entitle it to have the final settlement set aside. (2) That it failed to show facts which would negate negligence on the plaintiff's part in failing to file its claim prior to the final settlement of the estate. (3) That it failed to set forth facts constituting fraud, mistake or illegality on the part of the defendants in depriving the plaintiff of the right to file its claim against said estate.

It will be noted from the terms of the statute heretofore set forth that a person interested in an estate who does not appear at the final settlement, and who is not personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside and the estate reopened by filing in the court in which the settlement was made, his petition, "particularly setting forth the illegality, fraud or mistake in such settlement, or in the prior proceedings in the administration of the estate, affecting him adversely." The language used makes clear the intent of the Legislature to limit the benefits of the statute to such persons only as were adversely affected by the mistake, fraud or illegality which entered into the final settlement of the administrator or executor. The plaintiff must show that he has an interest in the estate of such nature that the alleged mistake, fraud or illegality injured him. He is not entitled to have the final settlement set aside no matter how mistaken or fraudulent, in the abstract sense, or as against the rights of others, such final settlement may have been. *Euler* v. *Euler* (1914), 55 Ind. App. 547, 555, 102 N. E. 856; *Smith, Adm.* v. *Miller* (1898), 21 Ind. App. 82, 84, 51 N. E. 508; *Spicer* v. *Hockman, Administrator* (1880), 72 Ind. 120, 124.

It appears from the allegations of the complaint that the executors under the will were appointed executors of the estate a short time after the death of the testator, which was on or about November 11, 1936, and that they did not attempt to file a final report until March 7, 1938, and that a final order settling the estate was not made until June 25, 1938.

Our statute concerning the filing of claims against estates provides that the holder thereof, whether such

claim shall be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending and that "if such claim be filed after the expiration of six [6] months from the giving of notice by the executor or administrator of his appointment, it shall be prosecuted solely at the cost of the claimant, and if not filed at least thirty [30] days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of liabilities of heirs, devisees and legatees." § 6-1001, Burns' 1933. Claims against an estate cannot be enforced except in the manner provided by the statute. *Beckelhimer* v. *Babcock* (1929), 88 Ind. App. 493, 498, 164 N. E. 635. Unless a claim has been filed thirty days before final settlement, which means thirty days before the filing of the final report as provided by statute, the claimant has no standing as a creditor of the estate and his claim is barred. *In re Wainwright's Estate, State ex rel. Dept. of Financial Institutions* v. *Fletcher American Nat. Bank of Indianapolis* (1941), 109 Ind. App. 214, 34 N. E. (2d) 164; *Beasley's Estate* v. *Rauch, Rec.* (1937), 104 Ind. App. 312, 313, 11 N. E. (2d) 60; *Roberts* v. *Spencer, Executor* (1887), 112 Ind. 81, 84, 13 N. E. 127.

Appellant does not contend that he attempted to file any claim against the estate of decedent before the order was made by the court below on June 25, 1938, discharging the executors and declaring the estate to be finally settled; nor does he allege any acts, statements or misrepresentations by appellees which prevented the filing of such claim before the entry of such order in final settlement. By the plain terms of the statute, a claimant against an estate is limited to a period of six months from the giving of notice by the executor or administrator of his appoint-

ment within which he can file a claim that cannot be barred by the action of the administrator or executor in filing a final report. If such claimant files his claim after such period of six months from the giving of notice by the executor or administrator of his appointment, then claimant's rights are contingent upon the failure of the executor or administrator to file a report for final settlement within thirty days subsequent to the date that such claim was filed. If this court should order the court below to annul and set aside its order in final settlement of the estate of the decedent and the appellant should thereafter file his claim, we know of no reason why the executors could not file an amended final report within thirty days after such claim was so filed and thus effectively bar the claim. This would not be true if the executors had been guilty of any fraud or illegality which prevented the appellant from filing his claim, but such a condition does not here exist.

By provision of statute (§ 6-1401, Burns' 1933), after six months from the date of giving of notice by an executor or administrator of his appointment, every executor or administrator may, with the consent of the court in which such estate is pending, and at the end of one year from the date of such letter, unless excused for cause by the court of his appointment, shall file in such court his final account. If at the time of the final settlement of any estate any claim is pending against it unallowed, the heirs, devisees or legatees may execute to the approval of the claimant a bond conditioned for the payment of the claim and costs, if adjudged in favor of the claimant, and the estate may then be settled. But there is no statutory provision requiring creditors, heirs, devisees or legatees to execute a bond where an indebtedness of the decedent

existed but no claim has been filed against his estate within the time provided by statute. Nor is there any statutory provision that prevents the filing of a final report by an executor or administrator where there is unpaid indebtedness of the decedent but no claims have been filed or are pending against his estate because of such unpaid indebtedness.

In the case of *Ashley, Admr.* v. *Canida, Admx.* (1934), 99 Ind. App. 313, 315, 192 N. E. 317, this court considered an action where notice of the appointment of an administratrix of her decedent's estate was completed on October 11, 1929, and the appellant, more than a year thereafter, filed a claim which was transferred to the trial docket. Two days later, on appellee's motion, the claim was stricken from the docket because it was not filed within one year after the giving of notice of appellee's appointment and at least thirty days before appellee's report in final settlement of her estate was filed. This court held that such action of the trial court in striking the claim from the docket was proper, and in the course of its opinion says:

"The mere fact that a claim is pending and undisposed of, does not prevent an administratrix from *filing* a report in final settlement. Claims must be filed within one year after the notice of appointment of an administratrix, and a report in final settlement can be filed any time after the expiration of said year. Under an Act of 1931 (§ 6-1001, Burns 1933, § 3119, Baldwin's 1934), such reports may, upon leave of court, be filed any time after six months after notice of appointment of administratrix.

"Appellant's claim having been filed more than one year after the notice of appointment of appellee, and less than thirty days before appellee filed her report in final settlement, it was barred by Sec. 3152, Burns 1926 (§ 6-1001, Burns 1933, § 3119, Baldwin's 1934), and appellee's motion to strike the claim was therefore properly sustained."

Appellant, subsequent to January 23, 1939, and prior to the institution of this action on May 10, 1939, placed on file in the office of the clerk of the Warrick ▮ Circuit Court, the claim which he seeks to enforce herein, and he is asserting that the order of final settlement entered by such court on June 25, 1938, was wholly void, and of no force and affect whatever and that appellant's claim is not barred thereby. It is not the entering of the order in final settlement which bars claims under the provisions of § 6-1001, Burns' 1933, which requires the same to be filed, "at lease thirty [30] days before final settlement of the estate." The claims must be filed at least thirty (30) days prior to the date of the *filing* of the final settlement account. *Roberts* v. *Spencer, Executor* (1887), 112 Ind. 81, 85, 13 N. E. 127, 129; *McCullough et al.* v. *Kaufman, Administrator* (1935), 100 Ind. App. 4, 193 N. E. 924; *Beasley's Estate* v. *Rauch, Rec.* (1937), 104 Ind. App. 312, 11 N. E. (2d) 60; *In Re Wainwright's Estate, State ex rel. Dept. of Financial Institutions* v. *Fletcher American Nat. Bank of Indianapolis* (1941), 109 Ind. App. 214, 34 N. E. (2d) 164.

Appellant's complaint alleges that a report or account in final settlement was filed on or about March 7, 1938, and that it was endorsed by the clerk for hearing on April 9, 1938. At the oral argument of this cause, counsel of appellant admitted that notice by publication of such hearing had been given (§ 6-1405, Burns' 1933). By the statement in appellant's complaint that there was never any publication of notice of any kind of settlement of the estate, appellant evidently did not intend to allege that there was no notice by publication of a hearing upon the report or account for final settlement, that was filed on March 7, 1938.

An order or decree for final settlement of an estate possesses the elements of a final judgment. It is conclusive upon interested persons until set aside by an appeal or a proceeding brought for that purpose. *Carver* v. *Lewis, Administrator* (1886), 105 Ind. 44, 2 N. E. 714; *Jones* v. *Jones* (1888), 115 Ind. 504, 18 N. E. 20; *Shipman, Exr.* v. *Shipman, Gdn.* (1934), 99 Ind. App. 445, 192 N. E. 849; *Mefford* v. *Lamkin* (1906), 38 Ind. App. 33, 76 N. E. 1024, 77 N. E. 960; *Carver* v. *Lewis, Administrator* (1886), 104 Ind. 438, 2 N. E. 705; *State, ex rel.,* v. *Burkam* (1899), 23 Ind. App. 271, 55 N. E. 237.

Errors or irregularities committed in the course of a cause do not affect the validity of a decree nor limit its effect as an estoppel, if the court has jurisdiction of the subject-matter and the parties. *Faught* v. *Faught* (1884), 98 Ind. 470, 471; *Henderson* v. *State, ex rel.* (1926), 198 Ind. 608, 613, 154 N. E. 378; *Carrico* v. *Tarwater* (1885), 103 Ind. 86, 2 N. E. 227.

The order of final settlement entered by the Warrick Circuit Court was not void because of the claimed irregularities upon which appellant relies, and the filing of a claim in such court after such order was entered was of no force or affect. Appellant having neglected and failed, without fault of appellees, to file his claim within the time specified by statute, he could not thereafter maintain an action to set aside the order of final settlement. By his neglect he had permitted statutory limitations as to filing to destroy his rights as a claimant, and after such rights were destroyed he was not a "person interested in the estate" who had been adversely affected by the final settlement within the meaning of the statute (§ 6-1424, Burns' 1933).

The trial court did not err in sustaining a demurrer to appellant's amended complaint.

The judgment is affirmed, but since proof has been made of the death of one of the appellees subsequent to submission of the cause, it is ordered that this judgment of affirmance shall be as of the date of submission.

Judgment affirmed. It is so ordered.

NOTE.—Reported in 38 N. E. (2d) 890.